VANDEGRAAFF et al. *versus* MEDLOCK.

QUESTION IN THIS CASE.

*As to the power of Chancery, to decree to a mortgagee the proceeds of a policy of insurance, effected on the mortgaged property.*

1. Chancery has no power to decree to mortgagees, the proceeds of a policy of insurance, effected by the mortgagor, on the mortgaged property, where the same has been destroyed by fire---no covenant existing in the deed, as to the insurance.

In this case, a bill in Chancery was filed in the Circuit Court of Tuskaloosa, against Medlock, by the plaintiffs in error, for the purpose of controlling the proceeds of a policy of insurance, which the defendant had effected upon certain real estate, situate in the town of Tuskaloosa. So much of the facts, as are material to be stated here, showed that the property insured had been purchased by the defendant, of the complainants; and that, to secure the payment of the purchase money, the said Medlock had executed his deed of mortgage of the property in question, to them. The mortgage deed was general and contained no covenant, stipulating an insurance, or an assignment of it. After the execution of the mortgage, and before payment of the purchase money, the buildings situate upon the premises, were insured by Medlock; and subsequently were destroyed by fire.

The object of the bill was to enjoin Medlock from receiving from the insurance office, the proceeds of the policy; and to seek an application of it to the

complainants' debt. And they alleged in their bill, that Medlock was insolvent; and the property mortgaged, so depreciated by the destruction of the buildings, as to afford no means, by which to secure the collection of the purchase money.

On a general demurrer, the bill was dismissed, at the cost of the complainants, and they prosecuted a writ of error to this Court.

*Mr. Wilson,* for the plaintiffs in error; *Mr. Ellis, Mr. Peck* and *Porter,* for the defendant.

HOPKINS, J.—The question in this case is, have the plaintiffs in error, who are mortgagees, a right, in a Court of equity, to the proceeds of a policy of insurance against fire, effected by the mortgagor after the mortgage was made, which contains no covenants that he should insure?

The facts relied upon to support this right, which they claim, are, that after the execution of the mortgage, that was made to secure the purchase money of the mortgaged premises, which the plaintiffs had previously sold and conveyed to the mortgagor, the houses were burnt down—an event that so greatly diminished the value of the estate, that the mortgage ceased to be an adequate security for, the purchase money, and that the mortgagor was insolvent.

The mortgagor is not entitled to receive from the insurers any thing in the nature of proceeds of the houses which were burnt; but the proceeds of the policy, which is a different thing. He was bound to pay the purchase money, though the value of the estate might be reduced so low, by fire or any other cause, as to become merely nominal. He effected

VANDEGRAAFF, et al. vs. MEDLOCK.

the insurance at his own expense, and the proceeds of the policy, when he shall receive them, will not be the value of the estate, or any part of it, which he had disposed of to another person, but a substitute for the value, that he had provided by his own contract. This substitute will have been procured with his own money. When the insurers shall pay the loss, they will have received no part of the consideration of the contract, upon which they may pay, from the mortgagees, or from the mortgaged estate, but the whole of it from the general means of the mortgagor. For the mortgage, the plaintiffs gave a consideration, but none for the policy of insurance. It is well settled that a policy of insurance is a distinct independent contract between the insured and insurers, and third persons have no right either in a Court of equity, or in a Court of law, to the proceeds of it, unless there be some contract or trust, express or implied, between the insured and third persons. If there were a covenant in the mortgage, on the part of the mortgagor, that he would insure, and in case of a fire, pay the proceeds of the policy, if he failed to pay the debt, to the mortgagees, it would create an express trust in their favor upon the policy, and a bare covenant of the mortgagor to insure the premises might make an implied trust for them.[a]  As there are no such covenants in the mortgage, and no other contract on the subject between the parties, the case is one, in which the mortgagor has obtained a con-

---

[a] Hughes on Insurance, 39, 40—Ellis on Insurance and Annuities, or 12th No Law Library, 81, 82, 155, 156, (in brackets)—16th No. Law Library, 131, 132, top page—3 English Common Law Reports, 175, 176, 177—2 English Common Law Chancery Reports, 74—4 Taunton, 380—17 Vesey, 329—18 ib. 115—3 Dowl. Ry. 158.

tract with his own money, and a Court of equity has no more control over the proceeds, to which he may be entitled, than it has over any other debt due to him.  If he be insolvent, his other creditors have as just a claim to the proceeds of the policy as the mortgagees.  But no creditor could make them liable by the aid of a Court of equity, to satisfy his demand, who had, not before he filed his bill for the purpose, obtained a judgment at law upon the demand, sued out execution, and pursued the latter to every available extent at law.[a]

Let the decree be affirmed.

COLLIER, J.—I awarded the injunction in this case; consequently do not join in the opinion—but I, by no means, dissent from its reasoning or conclusion.

[a] 4 Johns. Chancery Rep, 671.