EDWARD A. GREENE, Respondent, *v*. · THE REPUBLIC FIRE INSURANCE COMPANY, Appellant.

This action was brought upon a judgment obtained in the State of Mississippi ; the judgment-roll showed that the judgment was recovered upon a policy issued by defendant to the firm of W. R. G. & Co. That action was brought by the members of the firm, asstated in the declaration, for the use and benefit of the plaintiff herein, and this was stated in the judgment. It appeared that the rule of the common law, that choses in action are not assignable, and that actions thereon when assigned must be brought in the name of the assignor, prevails in said State, and that the laws of said State authorized, in case of assignment, a statement such as was contained in the declaration. *Held*, that the judgment-roll furnished presumptive evidence that plaintiff was the owner of the judgment; that the plaintiff in such an action is merely a nominal party having no interest in or right to control it ; nor is he a trustee in any rightful sense under the Code, and so plaintiff alone could sue upon the judgment..

It appeared that said firm was indebted to plaintiff and that there was an understanding between them that he should have the benefit of the policy; that after the loss, in pursuance of such understanding, the policy was sent to him by the firm to collect and apply proceeds upon his claim, together with an order upon defendant, expressing a consideration, requesting it to pay the amount to plaintiffs, and stating that his receipt would be a full discharge. *Held*, that the order was virtually an assignment transferring the policy; also that the understanding and delivery of the policy in pursuance of it operated as a valid transfer.

(Argued March 9, 1881; decided March 22, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made April 7, 1880, reversing a judgment in favor of defendant, entered upon a decision of the court on trial without a jury and granting a new trial.

This action was brought upon a judgment of the Circuit Court of Warren county in the State of Mississippi.

That action as appeared by the record was brought and judgment recovered by William R. Greene and others, composing the firm of William R. Greene & Co., for the use of plaintiff upon a policy of insurance issued to that firm by defendant.

The further material facts appear in the opinion.

*Samuel Hand* for appellant. The assignment in trust to Henry L. Greene made him trustee of an express trust, and he alone could sue. (*Western R. R. Co.* v. *Nolan et al.*, 48 N. Y. 513; *Weetjen* v. *Vibbard*, 5 Hun, 265; *Meth. Ch.* v. *Stewart*, 28 Barb. 551; *Cummins* v. *Barkalow*, 4 Keyes, 514.) All actions must be brought in the name of the assignor or legal owner. (*Jessel* v. *Ins. Co.*, 3 Hill, 88.) The party holding the legal title is the real party in interest under the Code, although others may have a beneficial interest in the proceeds, and he would even be liable to them as debtor. (*Allen* v. *Brown*, 44 N. Y. 228; *Meeker* v. *Claghorn*, id. 349; *Fulton* v. *Fulton*, 48 Barb. 581; *Ward* v. *Van Bokkelen*, 2 Paige, 295, 296; *Cumming* v. *Morris*, 25 N. Y. 625; *Peck* v. *Yorks*, 75 id. 421.) The plaintiff is not the proper party to bring the suit, in any aspect of the case as presented. (*Sattery* v. *Sattery*, 4 Sandf. Ch. 31.) The plaintiff having by his own act procured the judgment in favor of other parties, he has no standing in this court. (2 Addison on Contracts, 527.)

*Luther R. Marsh* for respondent. The Mississippi judgment record was, of itself, enough to entitle the plaintiff to a verdict. (*Rollo* v. *Hackett*, 2 Bosw. 579; *Morton* v. *Morton*, 13 Serg. & Rawle, 107; *Welch* v. *Mandeville*, 1 Wheat. 233, and note on p. 237; *McCullum* v. *Coxe*, 1 Dallas, 139; *Canby* v. *Ridgeway*, 1 Binney, 496; *Southgate* v. *Montgomery*, 1 Paige, 41–47.) A chose in action may be assigned by parol and delivery. (*Hooker* v. *Eagle Bank*, 30 N. Y. 83; *Bedell* v. *Carll*, 33 id. 581; *Doremus* v. *Williams*, 4 Hun, 458; *Mack* v. *Mack*, 3 id. 323.) An equitable assignment is, under the Code, a legal assignment. (*Hooker* v. *Eagle Bk.*, 30 N. Y. 83; *Doremus* v. *Williams*, 4 Hun, 458.)

MILLER, J. This case involves the question whether the plaintiff was the actual owner of the judgment on which this suit was brought. We are of the opinion that he was such owner, and as the real party in interest, within the provisions of the Code, the action was properly commenced in his name.

.The evidence upon the trial clearly established the plaintiff's ownership. The policy upon which the judgment was obtained originally was issued to William R. Greene & Co., and the action was brought in their name, the declaration stating that they were copartners "who sue herein for the use of Edward A. Greene."

As the common law prevailed in the State of Mississippi, and a chose in action was not assignable, the suit could not be brought there in the name of Edward A. Greene, the real owner; and it seems that the laws of Mississippi authorize the statement made in the complaint, and which was followed in all the pleadings and in the judgment record, to the effect that the action was for the use and benefit of Edward A. Greene. As the pleadings and the record stand, every presumption is in favor of the ownership of Edward A. Greene. In addition to this the proof shows that William R. Greene & Co. were indebted to Edward A. Greene in at least the sum of $80,000, and that there was an understanding between William R. Greene & Co. and Edward A. Greene, that the latter should have the benefit of the insurance policy in question. The plaintiff accordingly, after the loss, wrote to the firm for the policy upon the goods burned; the one in suit with others were forwarded to him by express as his property, in pursuance of the understanding, for him to collect the proceeds and to apply the same in payment of the indebtedness of the firm. William R. Greene & Co. also drew an order on the defendant expressing a consideration, requesting it to pay the amount due on the insurance to the plaintiff, which order stated that the plaintiff's receipt should be a full discharge. The order was sent to, and received by, the plaintiff, delivered to the defendant, the policy retained for some time by the plaintiff, who endeavored to collect the money, and then directed the suit in Mississippi to be brought. There are other circumstances tending in the same direction, and establishing, beyond controversy, that the policy belonged to and was intended to be transferred to the plaintiff. The authorities hold that a chose in action may be assigned by parol and a delivery, where there is a valuable con-

sideration. (*Hooker* v. *Eagle Bank of Rochester*, 30 N. Y. 83; *Mack* v. *Mack*, 3 Hun, 323; *Doremus* v. *Williams*, 4 id. 458.) Here was something more than a parol assignment, as well as a complete delivery, for the written order was virtually an assignment which transferred the policy. An equitable assignment is also recognized under the Code as a legal assignment. A point is made as to the effect of the deed of trust transferring the property of the firm to Henry L. Greene, as trustee for Edward A. Greene; but it will be perceived, on an examination of that instrument, that it only provided for a transfer of this and other policies whenever the said trustee desired it, which of itself evinces that it was not transferred. Besides it appears that the property assigned by the trust deed was for the benefit of Edward A. Greene. We think that the deed alone, under the circumstances, did not transfer to the trustee any absolute right to the policy. It may also be remarked that the action was brought upon the policy, and a judgment was obtained for the use of the plaintiff, thus conceding his ownership and right to the same.

The bringing of an action for the use of the party in interest, in accordance with the common-law rule that a chose in action is not assignable, is recognized in the decisions. (*Morton* v. *Morton*, 13 Serg. & Rawle, 107; *Welch* v. *Mandeville*, 1 Wheat. 233 and note; *McCullum* v. *Coxe*, 1 Dallas, 139; *Canby* v. *Ridgway*, 1 Binney, 496; *Southgate* v. *Montgomery*, 1 Paige, 41–47.)

The plaintiff in such an action is merely a nominal party. He has no actual interest in the suit, cannot control it, nor in any way interfere with the rights of the real party; nor is he a trustee in any sense, as he has no authority whatever. . The owner alone is the real party, and it is only by reason of the rule referred to, which in this State has been superseded by the Code, that the action is brought in this form. The judgment belongs to the owner quite as much as if he was named as the plaintiff, and under the Code he alone can sue to recover the same. The other objections urged as to the right of the plaint-

iff to maintain this action do not, we think, demand discussion.

The claim of the defendant's counsel that the plaintiff was in no situation to raise the points presented, as the General Term did not reverse upon the facts, cannot be upheld. Several requests to find were made by the plaintiff which were refused, and exceptions severally taken to the same. The refusals to find that the judgment was obtained by the plaintiff in the name of the firm as nominal plaintiffs — that being the firm in Mississippi — that the policies were the property of the plaintiff, and that the plaintiff was the real party in interest in the action and the rightful owner of the judgment, as well as the refusals to find according to some other requests made, which it is not necessary to enumerate, and to each of which an exception was taken by the plaintiff, were erroneous, as the facts stated therein were sufficiently established. The plaintiff's appeal to the General Term covered these rulings, which furnish sufficient ground for the reversal of the judgment and the granting of a new trial.

The judgment of the General Term was right and should be affirmed, and under appellant's stipulation judgment absolute should be ordered for the plaintiff.

All concur, except Rapallo, J., absent.