# Shadgett *v.* Phillips & Crew Company.

*Bill in Equity Claiming Proceeds from Fire Insurance Policy.*

1. *Insurance taken out for benefit of a donee on property which is transferred to donor by conditional sale claimed by vendor.* Where a chattel is transferred to a vendee under a conditional sale, viz., that the title to the property is to remain in vendor until the purchase price is paid, and the vendee contracts to insure the property for the benefit of the vendor, but, instead, gives the chattel to his wife, who takes with the knowledge of her husband's obligation, and then the husband, acting as agent for the wife, insures the property for her benefit, the donee is not bound to carry out the donor's contract to insure in the absence of any agreement on her part to do so, even though the property, in her hands, was subject to the rights of the conditional vendor.

2. *Contract for insurance; rights of third parties.*—A contract for insurance made only for the insurer's indemnity, as where there is no agreement, express or implied, that it shall be for

the benefit of a third person, does not attach to or run with the title to the insured property on a transfer thereof personal as between the insurer and the insured. In such case, strangers to the contract cannot acquire in their own right any interest in the insurance money except through an assignment or some contract with which they are connected.

3.  *Bill of complaint; equity; fraud.*—A bill that alleges that property sold to a vendee on a conditional sale, viz., that the title is to remain in vendor until the full payment of the purchase price; that vendee contracted to insure the property for vendor's benefit; that vendee gave the property to his wife; that at the time she accepted the property as a gift she knew of her husband's obligation; that, acting as agent for his wife the donor insured the property for her benefit; that the property was destroyed by fire; that the donor is insolvent; that the insurance company's liability under the policy has been adjusted, and prays that the money be ordered paid to the complainant as the person entitled thereto, is without equity, and the averments do not present a case of fraud.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. JERE N. WILLIAMS.

In this case the appellee, Phillips & Crew Co., sold to T. E. Shadgett a piano. T. E. Shadgett signed an agreement which stipulated that the purchase price was to be paid by installments, and until fully paid the title to the piano was to remain in the vendor, the Phillips & Crew Company; and the agreement further provided that in case of the destruction of or damage to the piano by fire, water, or otherwise, the loss was to be borne by the vendee, T. E. Shadgett, and he agreed to have the piano insured for the benefit of the Phillips & Crew Co., so far as their interest should demand. On the day of the sale to Shadgett he gave the piano to his wife, Minnie Shadgett, the appellant. After Mrs. Shadgett had accepted the piano as a gift from T. E. Shadgett, her husband, she procured him to act as her agent to insure the piano for her benefit in the Continental Insurance Company, which he did. The premiums on said policy were paid with her money. A short while after this the piano was destroyed by fire, and T. E. Shadgett had paid only twenty-five dollars on the purchase price

of three hundred dollars. The evidence was conflicting as to whether Mrs. Shadgett, when she accepted the piano, knew of her husband's obligation to insure for the benefit of Phillips & Crew Co.

The loss having been adjusted by the insurance company, Phillips & Crew Co. filed a bill praying that the insurance company be temporarily enjoined from paying the insurance money to any one but the Phillips & Crew Co., and that on final hearing the injunction be made final and grant complainant relief, in that it had an equitable interest in, and right to, the money due under the policy of insurance, and that the money be paid to the complainant.

The bill, after the address and introduction, was as follows: (2.) "That on or about the 14th day of October, 1897, orator sold and delivered to one T. E. Shadgett, husband of respondent, Minnie Shadgett, one Franklin piano under a conditional sale according to the terms of a written agreement, a copy of which is attached to original bill, and made a part thereof as Exhibit 'A,' and which is also made a part of this, complainant's amended bill; that in said contract the title to said piano was to remain in orator until the same should be wholly paid for by T. E. Shadgett, and that for the further protection of orator, said T. E. Shadgett in said contract stipulated to keep said piano insured against loss or damage by fire, said insurance to be payable to orator in case of loss as its interest should appear." (3.) "That on the same and very day of the delivery and sale of said piano to the said T. E. Shadgett by orator, he, the said Shadgett, without any consideration whatever, gave or pretended to give, the same to respondent, Minnie Shadgett, his wife, well knowing and remembering his contract with orator regarding said piano as set forth in Exhibit 'A' of the original bill; and a few days thereafter said T. E. Shadgett, acting or pretending to act as agent for said Minnie Shadgett, procured from the agent of the respondent, the Continental Insurance Company, a policy of insurance payable to the said Minnie Shadgett alone, indemnifying her against loss or damage to said piano

by fire; but well knowing his agreement with orator concerning the insurance of its interest in said piano failed and refused to have he same protected in and under said policy of insurance according to the terms of this contract as expressed in Exhibit 'A,' as aforesaid." (4.) "That sometime after the procuring of said policy of insurance by the said T. E. Shadgett in the name of his wife, the respondent, Minnie Shadgett, to-wit, sometime in the month of January, 1898, the said piano was wholly destroyed by fire, and since that time before the filing of the original bill in this cause, respondent, Minnie Shadgett, and the Continental Insurance Company have by adjustment and agreement ascertained and determined the loss on said piano and the liability of the said Continental Insurance Company, and fixed the same at the sum of $175, which sum the said insurance company now and ever since has stood ready to pay." (5.) "That said T. E. Shadgett was at the time of the destruction of said piano by fire and ever since has been wholly and totally insolvent so that if said sum of money ascertained to be the amount of the loss sustained under said policy of insurance by the destruction of said piano by fire, be by said Continental Insurance Company paid to the said Minnie Shadgett, orator will be powerless and without remedy at law to enforce payment for said piano by or to recover the same from the said T. E. Shadgett, and will sustain thereby irreparable injury."

Then followed the prayer for process and for special and general relief, as mentioned above.

A decree was rendered for complainant, and respondent appeals, assigning the rendition thereof as error.

ESPY & FARMER, for appellant, cited *Capital City Insurance Co. v. Caldwell,* 95 Ala. 77; *Lowenthal v. Home Ins. Co.,* 112 Ala. 108; *Vandergraff v. Medlock,* 3 Porter 389; *Wheeler v. Ins. Co.,* 101 U. S. 439; *Carter v. Rockett,* 8 Paige 437.

J. B. DELL, *contra,* cited *Vandergraff v. Medlock,* 3 Porter 390; *Durant v. Thornton,* 1 Porter 238; *Chipman*

[Shadgett v. Phillips & Crew Company.]

*v. Carroll,* 25 L. R. A. 305; *Miller v. Aldrich,* 31 Mich. 408; *Gilbert v. Port,* 28 Ohio St. 276.

SHARPE, J.—Unless the mere fact that Mrs. Shadgett received the piano as a gift from her husband with knowledge of his obligation to insure it for complainant's benefit placed her in the shoes of her husband with respect to that obligation, it is impossible to recognize any principle upon which complainant can claim the insurance money in controversy. The contract of insurance was wholly between the defendant and the Insurance Company and was personal in the sense that the money agreed to be paid in case of loss was not to stand in the place of the piano itself but was a mere indemnity against the loss of defendant's interest therein. If her interest was small on account of incumbrances existing in favor of complainant, that fact was for the consideration only of the insurer and defendant, for complainant has no concern with the adjustment of the loss between them. We know of no principle either of law or equity which would bind defendant to carry out her donor's contract to insure in the absence of any agreement on her part to do so, even though the property in her hands was subject to complainant's rights therein as a conditional vendor.

In the case of *Miller v. Aldrich,* 31 Mich. 408, relied on for complainant, not only was there an agreement on the part of the mortgagor that mortgaged property should be kept insured by the mortgagor for the mortgagee's benefit, but a policy had been taken out accordingly and thereafter the mortgagor sold the property and his vendee in conjunction with the mortgagor procured a discontinuance of that policy and the issuance of another payable to the vendee alone. This was held to be a wrong to the mortgagee in that it deprived him of that which had been already provided for his security, and to prevent such wrong the court of equity interposed by decreeing payment of the proceeds of the second insurance to the first mortgagor whose rights he had helped to displace. It is true it was said by

the court that the agreement with the mortgagee to insure for his benefit "was in equity a sort of adjunct to
the mortgage and was binding on Chapman (the mortgagor) and on all others in his shoes with notice." It
was also said the vendee appears to have taken the place
of the mortgagor and to have occupied a position which
required him to recognize and respect the terms of the
agreement intended to fortify the mortgagee's security
under the mortgage; but it was further said that instead of recognizing and respecting it he joined in the
transaction to set aside and to so place himself
that if the mortgaged property should burn he
might put the mortgage money in his own pocket. Thus
it seems to have been upon the vendor's participation
in the displacement of a security already provided,
rather than upon any contract obligation, that the proceeds were in that case held to enure to the mortgagee's
benefit.

A contract for insurance made for the insurer's indemnity only, as where there is no agreement express
or implied that it shall be for the benefit of a third
person, does not attach to or run with the title to the
insured property on a transfer thereof personal as
between the insurer and the insured. In such case
strangers to the contract cannot acquire in their own
right any interest in the insurance money except
through an assignment or some contract with which
they are connected.—*Vandergraff v. Medlock*, 3 Port.
389; May Ins., § 449; *Carter v. Rockett*, 3 Paige (N.
Y.), 436; *Dunlop v. Avery*, 89 N. Y. 592; *Nordyke v.
Gery*, 112 Ind. 535.

The foregoing and many other authorities recognize
the doctrine that where a mortgagor has contracted to
insure for the benefit of the mortgagee, or to pay to him
the proceeds of a policy, and in disregard of the contract effects insurance in his own name and resists
payment of the proceeds to the mortgagee, equity will
upon the principle of treating as done that which
should have been done, establish a lien on such proceeds in favor of the mortgagee. It may be conceded that
a conditional purchaser or his vendee contracting to

like effect for the conditional vendor's benefit would be liable to the enforcement of a similar equity, but here there was no undertaking on the part of Mrs. Shadgett to either insure for complainant's benefit or to assume her husband's obligation to so insure, and mere knowledge of that obligation did not impose it upon her.

The bill has not averments appropriate to present a case of fraud and is without equity. It will be here dismissed but without prejudice and the decree appealed from will be reversed. Complainant will pay the costs in this court and in the chancery court.

Reversed and rendered.