# Cosmopolitan Fire Insurance Co. v. Gingold.

## Action on Insurance Policy.

### (Decided Dec. 26, 1911. 57 South. 266.)

1. *Insurance; Assignment of Claim; Right of Action.*—In the absence of any provision in the policy requiring a transfer of a claim under the policy to be in writing, it may be by parol, and the policy being a contract for the payment of money, an action thereon is properly prosecuted in the name of the party really interested, under section 2489, Code 1907.

2. *Same; Evidence.*—Where the action was by the assignee of a claim under a fire insurance policy, it was not admissible to show whether other companies, having policies covering the same property had paid claims under those policies.

3. *Same; Transfer of Title; Removal of Property; Consent; Estoppel to Deny.*—Where the evidence showed that the owner of a policy on personalty took his policy to the agent who issued it and handed it to the agent's clerk in the presence of the agent with a request for a consent to an assignment of interest to a partnership which insured had formed, and for a permit for change of location, and the matter was referred to the agent in person who consented, but who signed only the removal permit after preparation by the clerk of all the proper consent, and the policy was returned to the owner by the clerk who stated in the presence of the agent that it was all right, taken in connection with evidence that the clerk acted as assistant to the agent, the clerk's testimony as to his making the endorsement on the policy of a consent to a transfer of interest was

[Cosmopolitan Fire Insurance Co. v. Gingold.]

competent as showing an adoption by the agent of such endorsement, which was binding on the insured, although unsigned; or as showing facts constituting an estoppel to deny consent to the transfer.

44. *Same.*—Where the policies provided that the contract should be void if there was any transfer of interest in the property, and that there could be no waiver of such provision unless such waiver was written upon or attached to the policy, the written consent to the transfer of the policy need not be signed, it being sufficient if the agent endorsed such consent upon the policy and returned them to the owner with the assurance that they were all right.

5. *Evidence; Opinions; Conclusion.*—Questions calling for the conclusion of a witness are properly denied as the fact should have been brought out leaving the jury to determine the purpose and effect; hence, in an action by an assignee of a claim under fire insurance policies, a clerk of the agent of the defendant, who was being examined as to the circumstances attending the attaching of the removal permit and making certain endorsements of consent to a transfer of interest could not be asked for what purpose the policies were placed in his possession.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Sam Gingold against the Cosmopolitan Fire Insurance Company on two fire policies. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint is in the usual Code form, with the averment additionally that the policies were originally issued to one David Caplan, and on, to wit, October 17, 1907, so transferred and assigned as to cover the property belonging to Rosen & Caplan. Plaintiff further avers that the interest of said David Caplan in said policies was sold, transferred, and assigned to Isaac Rosen, and by said Isaac Rosen transferred and assigned to Sam Gingold, this plaintiff, which policies of insurance were in force at the time the goods covered by them were damaged or destroyed by fire, and after loss had occurred said policies and claims thereunder were sold or assigned to this plaintiff.

THOMPSON & THOMPSON, for appellant. The demurrer to the complaint should have been sustained as well as

[Cosmopolitan Fire Insurance Co. v. Gingold.]

the demurrer to the replication, as the action was brought by a transferree and not by the owner of the policy. The policies were not admissible as there was a sworn plea denying their transfer.—Rule 29, Cir. Ct. Pr. Sec. 5332, Code 1907; *Lakeside L. Co. v. Drumgold,* 89 Ala. 506; *Ragland v. Wood,* 71 Ala. 145. They did not correspond with the allegations, and hence, there was a variance.—*Home P. Co. v. Caldwell,* 85 Ala. 611. The court erred in permitting evidence as to the endorsements, and also in permitting the question to be asked as to the purpose for which the policy was delivered to the agent's clerk.—*Phoenix I. Co. v. Copeland,* 86 Ala. 551. Counsel discuss other and various assignments of error, but without further citation of authority.

W. T. HILL, for appellee. No brief came to the Reporter.

WALKER, P. J.—This action was upon two fire insurance policies originally issued to one David Caplan, the averments of two of the counts of the complaint showing that the policies were so transferred and assigned as to cover property belonging to Rosen & Caplan, and that the interest in the policies was sold, transferred, and assigned to the plaintiff.

The evidence for the plaintiff tended to show that he became the owner of the policies after the fire. In the absence of any provision in the policies requiring such a transfer of ownership of a claim under the policies to be in writing, it could be made by parol; and, the policies being contracts for the payment of money, an action on them is properly prosecuted in the name of the party really interested.—Code, § 2489; *Insurance Co. of North America v. Forchemimer & Co.,* 86 Ala. 541, 5 South. 870; 19 Cyc. 634.

A number of the rulings of the court in the admission of evidence are assigned as errors. For obvious reasons some of those rulings cannot be sustained.

It was a wholly irrelevant inquiry as to whether other companies having policies covering the same property had paid claims under those policies, and evidence to this effect should not have been admitted over objections duly interposed by the defendant.

A clerk in the employment of the local agent of the defendant was examined in reference to the circumstances attending the attaching of slips on the face of the policies and the making of certain indorsements on them. The witness having stated that he remembered that the policies were given to him, he was asked, "For what purpose were they put in your possession?" An objection to this question was overruled, and the witness was permitted to answer it. The question was calculated to elicit, and in fact did elicit, a statement of the conclusion or opinion of the witness on the subject. The facts of the occurrence should have been brought out, leaving it for the jury to determine its purpose and effect. It is not denied that there were other rulings made in admitting evidence which are subject to criticism; but a detailed review of them is not deemed necessary, as the questions presented may be avoided in another trial.

The principal contested question in the case was as to the legal sufficiency of the evidence to show that the indorsements above referred to became parts of the policies sued on. Each of the policies contained the following provisions: "This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void * * * if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance * * * whether by legal process or judgment or by voluntary act of the

insured, or otherwise.  *  *  *  This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions or conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." On each of the policies offered in evidence was an indorsement, in part printed and the remainder written, the written part being in italics, as follows: "Consent by company to assignment of interest.—The Cosmopolitan Fire Insurance Co. of New York, hereby consents that the interest of *David Caplan* as owner of the property covered by this policy be assigned to *Rosen & Caplan.* Dated *Oct. 17th,* 1907. ————, Signature for Company." There was also on the back of each of the policies a printed for of "Assignment of Interest by Insured," which was dated October 17, 1907, but was unsigned, and the name of David Caplan was written in the space left for the name of the assignor, and the words "Rosen & Caplan" were written in the space left for the name of the assignee. To the face of each of the policies was attached a "removal permit," bearing the same date, which authorized the removal of the insured property from one location to another. It was not questioned that the removal permit slip became a part of each of the policies.

In reference to the endorsements found on the policies, there was evidence tending to show the following state of facts: The Underwriters Real Estate & Rental Company, a corporation, was the defendant's agent in Birmingham, having authority to issue policies, and to grant removal permits and to consent, in behalf of the defendant, to an assignment of his interest by the insured. The policies sued on were issued in the defendant's name by that company as its agent. In October, 1907, David Caplan, the insured named in the policies, having removed the insured property to another location and formed a partnership in business with one Rosen, carried the two policies to the office of the agent, and handed them to one Hesterly, who was a clerk in the employment of the agent, and intrusted by it with much of the detail and clerical work of the business. George Reynolds, the managing officer of the agent company, and the person designated by that company to have charge of the agency for the defendant, was in the office at the time. Caplan informed Hesterly of his removal of the insured property and of his desire to transfer the policies to the firm of Rosen & Caplan. Hesterly mentioned to Reynolds, in the presence of Caplan, that the latter wanted a transfer of the policies, and Reynolds said, "All right." Caplan left the policies at the agent's office. A few days later he called there for them, and was informed by Hesterly that they were not ready. Hesterly filled out the blank removal permit slips and attached them to the policies, and also filled out, as above stated, the indorsements on the policies, and, after he had done so, placed the policies on the desk of Mr. Reynolds. Reynolds signed the removal permit slips, but the indorsements of "consent by company to assignment of interest" were not signed. Caplan again called for the policies about a week later, and

they were delivered to him by Hesterly with the statement that they were all right; Reynolds being in the office at the time, and where he could see and hear what occurred.

Under the circumstances disclosed, the court did not err in admitting the testimony of Hesterly in reference to his making the indorsements on the policies, on the ground that he was not shown to be an agent of the defendant or to have any authority to act in its behalf. To justify the admission of that testimony, it is not necessary to determine whether the evidence as to the agency of Hesterly's employer and as to the duties intrusted to him by his employer was such that from the nature and scope of the business committed to the agent it might be implied, as necessary to the proper transaction and carrying on of that business, that the agent was authorized to appoint sub-agents, and that Hesterly was such a sub-agent, with authority to bind the principal by such dealings as he had with the policy holder in reference to the policies.—*Insurance Company of North America v. Thornton,* 130 Ala. 222, 30 South. 614, 55 L. R. A. 547, 89 Am. St. Rep. 30; *Johnson v. Aetna Ins. Co.,* 123 Ga. 404, 51 S. E. 339, 107 Am. St. Rep. 92, 128. The evidence was such as to support an inference that Hesterly did the purely clerical work of filling out the blanks, and that in his dealings with the insured he acted as the clerk or assistant of the manager of the agency, so as to make the dealings really those of the agent itself; that Reynolds, having signed the removal permit blank attached to the policies left on his desk and having allowed the policies, with the indorsements on them filled out as above stated, to be returned to the policy holder in his presence with the assurance from the clerk that the policies were all right, could be regarded as having adopted those indorsements as his

own, and as having, through the clerk as his mouthpiece, assured the policy holder that all had been done which was required to effect the purposes for which the policies had been left at the agent's office

The provisions above quoted do not prescribe the mode of evidencing the insurer's consent to a change in the beneficiaries further than that an agreement on that subject "shall be written upon or attached hereto." It is not required that such writing be signed by the agent. The result is to leave the form of the writing to the agent. When the holder of such a policy informs a duly authorized agent of the insurer of his desire to get the insurer's consent to a change of beneficiaries, and the agent makes or has made such indorsements upon the policy as those above quoted, and returns the policy in that condition to the policy holder with the assurance that it is all right, the consent of the insurer to such a proposed change may be regarded as "written upon" the policy within the meaning of the above quoted requirements on the subject.—*L'Engle v. Scottish Union, etc., Ins. Co.,* 48 Fla. 82, 37 South. 462, 67 L. R. A. (N. S.) 581, 111 Am. St. Rep. 70. If the correctness of this conclusion could be regarded as questionable, yet it would have been proper to admit the evidence referred to as furnishing the basis of an estoppel upon the defendant to question the sufficiency of the consent to a change of beneficiaries so evidenced.—*Dupuy v. Delaware Ins. Co.,* (C. C.) 63 Fed. 680; *Manchester v. Guardian Assurance Co.,* 151 N. Y. 88, 45 N. E. 381, 56 Am. St. Rep. 600; 3 Cooley's Briefs on Ins. Law, 2617. The insistence in behalf of the appellant that the trial court should have given the general affirmative charge requested by it is based upon a construction of the evidence in the case much at variance with what has been said above on the subject. We are of opinion that the refusal to give that charge was proper.

[Bickley v. Sherrod.]

It is not deemed necessary to a proper disposition of the case on another trial to review other rulings which have been assigned as errors.

Because of the errors above mentioned, the judgment must be reversed.

Reversed and remanded.