144 So. 101

**MONTGOMERY, Superintendent of Banks,
v. HART.**

**5 Div. 120.**

Supreme Court of Alabama.

Oct. 27, 1932.

James W. Strother, of Dadeville, for appellee.

Albert Hooton, of Dadeville, for appellant.

THOMAS, J.

The suit was upon a note with writ of garnishment in aid thereof, to the United States Fire Insurance Company.

There was answer of said garnishee of the indebtedness or liability only for the amount of the policy insuring the building of one of the defendants that had been destroyed by fire, suggesting a mortgagee as claimant of that sum by virtue of contract. That mortgagee, after notice, duly propounds his claim to the insurance moneys due under the policy.

There were many grounds of demurrer challenging the claim and the amended claim of said mortgagee. The important grounds were: That it is shown on the face of that pleading that claimant had no interest in or right to the funds that have been garnisheed; that said claim fails to show that the policy of insurance by which the funds involved in this suit were paid into court was assigned to claimant, or that it was made payable to him as mortgagee, as his interest appeared under such instrument.

The policy of fire insurance was and is a personal contract between the insurer and

the insured, and not a contract in the sense that runs with the property [26 C. J. p. 17, § 1; p. 434, § 581]; and where different persons have different interests in the property, insurance taken by one in his own right and interest does not, in the absence of contract, express or implied, inure to the benefit of another of such persons. Shadgett v. Phillips & Crew Company, 131 Ala. 478, 483, 31 So. 20, 56 L. R. A. 461, 90 Am. St. Rep. 95; Miles v. Miles, 211 Ala. 26, 99 So. 187; Houston Canning Co. v. Virginia Can Co., 211 Ala. 232, 100 So. 104, 35 A. L. R. 912; Bell v. Barefield, 219 Ala. 319, 122 So. 318, 35 A. L. R. 40.

The evidence is without dispute that claimant Hart, as mortgagee, held the mortgage, note securing the same, and the policy of insurance for $500, ever since the same were executed and delivered to him as mortgagee and security of the loan; that it was all one contract, and that the note and mortgage have not been paid, and that a sum in excess of the amount of the insurance is still due and unpaid; that this transaction of loan and security and possession of the policy antedated the destruction of the property by fire and the issue of the garnishment.

■■ There was an express contract between the mortgagor and the mortgagee that the former would support the security by the insurance in question. The delivery of the note and mortgage and the subsequent delivery of the insurance before the fire were an execution of that contract. There being no legal impediment to such contract, the delivery of the insurance invested the mortgagee with the equitable title thereto, though there was no written assignment accompanying the delivery. It is not controverted between Wood and Hart that such was the contract and the execution thereof. In the absence of contract provisions to the contrary, such assignment of insurance need not be in writing; a parol assignment of insurance is held sufficient by the general authorities. 26 C. J. p. 447, §§ 599, 600; p. 133, § 156. See Cosmopolitan Fire Ins. Co. v. Gingold, 3 Ala. App. 537, 544, 57 So. 266; Greene v. Republic Fire Ins. Co., 84 N. Y. 572; Vandegraaff v. Medlock, 3 Port. 389, 29 Am. Dec. 256. Though the policy of insurance and the note and mortgage are independent contracts, in a sense, both the witnesses testify that the agreement was for the insurance, in the first instance, to support the mortgage; thus this case is differentiated from Vandegraaff v. Medlock, supra.

The suit was brought and garnishment served on J. H. Rodgers on January 2, 1930, the date of the fire. The note and mortgage were of date of March 3, 1928, and the policy bore the date of January 18, 1929. According to the undisputed evidence the note, mortgage, and policy were respectively drawn and issued by J. H. Rodgers, the agent of the insurance company.

■ There is conflict in the evidence as to when the insurance was actually delivered to Hart; there is no conflict that in the original transaction entering into the loan and mortgage, the mortgagee required the mortgagor to "keep the property insured"; there is no conflict in the evidence that the agent of the insurance company took the acknowledgment of the mortgagor and subsequently issued the insurance policy in question, and that it was delivered to Hart before the fire; there is no conflict in the evidence that insurance required and agreed upon by the parties before the loan was consummated and as a part of that consideration. The evidence on these questions was a sufficient discharge of the burden of proof by the claimant, though the policy was executed (or bore date) and delivered at a subsequent date to that of the note and mortgage, and before the fire.

■ The original agreement and promise, or mutual assent of the parties, was a sufficient consideration to support the parol assignment [Moore v. Williamson, 213 Ala. 274, 104 So. 645, 42 A. L. R. 981] that was shown to be made before the fire and before the garnishment. Central Bank & Trust Co. v. Alabama Broom & Mattress Co., 204 Ala. 410, 85 So. 738, and authorities. The promise was sufficient consideration on which to rest the delivery. Christie v. Dyer, 205 Ala. 572, 88 So. 668. Until that delivery of insurance the contract was executory in respects to the insurance and here pertinent. The true consideration may be shown by parol, except only the character thereof may not be changed. Moore v. Williamson, supra; Adler v. Miller, 218 Ala. 674, 120 So. 153. In May v. Robinson, 221 Ala. 570, 572, 130 So. 81, 82, it was said: "It must be regarded as the settled law of this state that so long as a contract is executory, the parties are at liberty to modify it at pleasure. No new consideration is required. Mutual assent is suficient. The power to make a contract is the power to rescind or modify it in such case. Moore v. Williamson, 213 Ala. 274, 104 So. 645, 42 A. L. R. 981, Note 987; Gray & Sons v. Satuloff Bros., 213 Ala. 526, 105 So. 666." See, also, Bond Bros. v. Kay, 223 Ala. 431, 136 So. 817.

■ We are therefore of opinion that the original promise and agreement for the insurance were sufficient consideration for its subsequent purchase by the mortgagor, and its delivery and parol assignment to the mortgagee.

The claimant Hart, among other things, testified:

"I have held that mortgage ever since it was executed and also the policy of insurance

until it came into court. That mortgage has never been paid. There is more than $500.00 still due on the mortgage.

"Q. Now when Mr. Wood was negotiating with you for that loan and the execution of that mortgage, state what was said between you, if anything, with reference to insuring the property? A. I told him I would loan him the money if he would keep the property insured and he said he would. * * *

"I did not examine the policy at the time it was delivered to me to see if the loss payable clause was attached making it payable to me. I did not know prior to the time of the fire that the loss payable clause was not attached to it. When I got the paper I put it with my other papers, in my safe with other papers, and it remained there until the fire occurred; I made no examination of it."

On cross-examination: "I learned that there was no loss payable clause in it after the fire, and I had held the policy at that time ever since I took the papers; I don't know about that one but I held the policy ever since I had taken the paper. No, I didn't examine the mortgage to see if there was any provision for Mr. Wood to keep up the insurance on the property; I didn't do that either."

And defendant Wood testified:

"I live in Camp Hill, and I lived there and owned some property there on the 18th of January, 1930. I executed this paper here handed to me and that is my signature appearing thereto and that of my wife, Marvin Wood, also appears on this mortgage. I know something about this policy of insurance dated January 18, 1929, expiring January 18, 1930, issued by the United States Fire Insurance Company of New York to C. E. Wood, by J. H. Rodgers, Agent; I had Mr. Rodgers issue it; that was done in Camp Hill; I applied to Mr. Rodgers as agent of the company for the insurance, and Mr. Rodgers wrote the policy. * * *

Mr. Rodgers also wrote the mortgage that I have been asked about. He also wrote the insurance policy and I told him that I wanted the insurance policy made payable in case of fire to Mr. R. L. Hart of Opelika, and also wanted to take the policy to him when I got the mortgage. Mr. Rodgers delivered to me the mortgage and the insurance papers. * * *

"My wife and I executed the mortgage before Mr. Rodgers as an officer, and Mr. Rodgers took the acknowledgment, and he delivered the mortgage and the policy at the same time. I carried the mortgage and the policy to Opelika to R. L. Hart; I carried each of them and both of them at the same time, all the same transaction. The property described

in this policy was destroyed by fire on January 2, 1930; that was January a year ago."

The suggestion of claim by the third party—the insurance company—under the statute, section 8079, Code, and the money in controversy deposited in court, are disposed of on principles recognized in courts of law and equity in respect to the right of recovery of money. McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761; Cloud v. Dean, 212 Ala. 305, 102 So. 437; Phillips v. Sipsey Coal Mining Co., 218 Ala. 296, 307, 118 So. 513; Sovereign Camp, W. O. W. v. Partridge, 221 Ala. 75, 127 So. 505; Finn v. Missouri State Life Insurance Company, 222 Ala. 413, 132 So. 632.

When the pleading and proof are considered, the equitable title was in the claimant-mortgagee, and the judgment pursuant thereto is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.