147 So. 446

## AMERICAN EQUITABLE ASSUR. CO. OF NEW YORK v. BAILEY.

### 6 Div. 90.

Court of Appeals of Alabama.
Nov. 1, 1932.

Rehearing Denied Jan. 10, 1933.

Coleman, Coleman, Spain & Stewart, of Birmingham, and Huey, Welch & Stone, of Bessemer, for appellant.

Lipscomb & Lipscomb, of Bessemer, and L. H. Etheridge, of Birmingham, for appellee.

SAMFORD, Judge.

This is a companion case to that of American Equitable Assurance Company v. Powderly Coal Company, reported in 221 Ala. 280, 128 So. 225, in which the judgment was reversed and upon another appeal from another judgment in the same case the Supreme Court corrected its first opinion and affirmed the judgment, as now appears. American Equitable Assurance Company v. Powderly Coal & Lumber Company, 225 Ala. 208, 142 So. 37.

In the last cited case it is now held that both Mrs. Bailey (plaintiff here) and Pow-

derly Coal & Lumber Company (plaintiff in above case) had an insurable interest in the property covered by the policy.

The policy was issued to the plaintiff in this case at the instance of Powderly Coal & Lumber Company with a standard loss clause attached as a rider, making the loss payable to Powderly Coal & Lumber Company as its interest might appear. The Powderly Coal & Lumber Company brought its suit on the contract running to it in the rider. This plaintiff brought her suit on the original contract of which she was the beneficial owner. The trial court instructed the jury that the Powderly Company was first entitled to recover and that this plaintiff could only recover the residue, if any, under the policy.

■ The questions of insurable interest, waivers, and estoppel were all settled in the case referred to above. By that decision we are bound and we do not go into a consideration of those questions.

■ Under a standard loss payable clause, the payee named therein has the superior right to recover to the extent of his or her interest proven on the trial and the assured can only recover any balance in excess. In other words, a contract insuring property from loss by fire and issued to A, with a standard loss clause attached as a rider, payable to B as his interest may appear, is a severable contract, giving to B the primary right to sue for his interest in the proceeds of the policy and to A the right of suit for the remainder if any. Girard Fire & Marine Ins. Co. v. Gunn, 221 Ala. 654, 130 So. 180.

■ The appellant insists that the trial court erred in admitting in evidence a certain abstract of title to the property insured. It was shown that this abstract was furnished to the agent of defendant and was admissible upon the question of notice and estoppel.

■ There was some evidence tending to prove that the Powderly Company contracted for this insurance for the benefit of itself and this plaintiff. Whether this was so or not was a question for the jury and it was so submitted.

Assuming that the major questions in this case have already been correctly decided by the Supreme Court, we find no error in the record and the judgment is affirmed.

Affirmed.

### On Rehearing.

Appellant in his brief filed on application for rehearing, complains that this court in the original opinion failed to pass upon its assignments of error 126, 136, and 137, being exceptions reserved to excerpts from the oral charge as follows:

126. "In other words, her claim could go only as to the excess above $2031.00, up to $3,000.00, intervening."

136. "So, if you find that the plaintiff has sustained a loss, and is entitled to recover in the case, then she could not recover more than four-fifths of that loss, under the proportionate conditions of the policy, because that is a binding condition under the policy."

137. "And, as I have instructed you before, she couldn't recover in excess of four-fifths of such loss under the undisputed evidence of the case. And her loss, of course, if any, would be limited to her insurable interest in the property, if she had such insurable interest."

■■ These excerpts were directed specifically to a limitation of plaintiff's recovery under the policy sued on and so far as they went were free from any error. If defendant desired further instructions as to limitations of recovery growing out of any other facts and such limitations were not otherwise covered, he should have requested charges covering the point desired. The excerpts from the charge do not in themselves constitute error and this court will not assume that the trial court erroneously charged on any point not apparent in the excerpt quoted. 27 Alabama & Southern Digest, Trial, ⬦256(1).

It is also the insistence of appellant that in the other branch of this case which was appealed to the Supreme Court and reported as American Equitable Assurance Co. v. Powderly Coal & Lbr. Co., 142 So. 37,[1] the opinion there rendered only held that the insured (plaintiff here) had an insurable interest in the property sufficient as a basis of the claim of the Powderly Company, and in this connection we are cited a recent decision of this court (American Ins. Co. v. Porter, 144, So. 129, 131[2]) where we held that an insured was limited in his recovery to the value of his insurable interest. To the same effect is the case of Montgomery v. Hart (Ala. Sup.) 144 So. 101.[3] It will be observed, however, that in the Porter Case, supra, the opinion stated: "That plaintiff in making the contract * * * was acting solely in his own interest and there is no evidence tending to show that he was in any sense acting for his brothers and sisters who owned eleven-twelfths of the property." And in the Hart Case, supra, the holding limits recovery the same as in the Porter Case.

In the Powderly Case, supra, which opinion is controlling in this appeal, the Supreme Court holds that this plaintiff has an insurable interest both as to her dower and as administratrix of the estate of her late husband.

---

[1] 225 Ala. 208.

[2] Ante, p. 250.

[3] 225 Ala. 471.

The defendant's agent, and therefore the defendant, knew the state and condition of the title and it was agreed that the policy should be issued in the name of this plaintiff with a loss clause payable to the Powderly Company as its interest might appear. This was done, not alone for the protection of the Powderly Company, but for the protection of all concerned. There was evidence tending to prove facts from which legal inferences could be drawn that in making arrangements for the issuance of the policy here sued on that this plaintiff was acting for herself and her two minor children, and, while the prominent purpose discussed in the negotiations was the protection of the Powderly Company, which company advanced the premium and charged same to plaintiff, that protection only extended to its interest, while the policy was payable in an amount in excess of the Powderly Company's interest, and such excess was for the protection of this plaintiff and those for whom she acted. These were jury questions, and were so submitted. Globe Ins. Co. v. Boyle, 21 Ohio St. 119.

If this plaintiff in making the insurance contract was acting for her children, then the recovery could not be limited to her insurable interest, and proof of the value of this separate interest was unnecessary.

The application is overruled.