221 So.2d 406

**GENERAL MUTUAL INSURANCE COMPANY**

v.

**Garner M. CLARK.**

**3 Div. 348.**

Court of Appeals of Alabama.

April 1, 1969.

N. T. Braswell, III, of Rushton, Stakely, Johnston & Garrett, Montgomery, for appellant.

, W. Clarence Atkeison, Prattville, for appellee.

· CATES, Judge.

Clark, as sole plaintiff, brought an action claiming $2000 damages for breach of contract on a fire, etc., insurance policy. Code 1940, T. 7, § 223, Form No. 13. General Mutual plead the general issue in short by consent with leave to give in evidence any matter which, if specially plead, would be admissible in the defense of the complaint. The verdict was against appellant for $1000. From the ensuing judgment, General Mutual has appealed.

I.

Clark testified that his house was damaged by hail on April 28, 1965, within the policy period. He purchased his home with a monthly amortization Veteran's Administration direct loan secured by a mortgage (Defendant's Exhibit No. 1) securing an original principal of $12,000. The unpaid debt at the time of the suit was between $9,000 and $10,000. No proof of default was adduced.

The suit policy, Plaintiff's Exhibit No. 1, shows the following:

"Mortgage Clause: Subject to the provisions of the mortgage clause attached

hereto, loss, if any, on building items, shall be payable to:

"The Administrator of Veterans Affairs, His Successors or Assigns, c/o Manager, "INSERT NAME(S) OF MORTGA-GEE(S) AND MAILING ADDRESS-(ES) Veterans Administration, Loan Guaranty Division, 474 So. Court St., Montgomery, Ala."

The mortgage clause in the fire insurance policy reads:

"Mortgagee Clause (This entire clause is void unless name of mortgagee or trustee is inserted on the first page of this policy in space provided under this caption)—Loss, if any on the item(s) subject to this clause as specified on the first page of this policy, shall be payable to the mortgagee (or trustee) as provided herein, as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy: Provided, That in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same. "Provided also, That the mortgagee (or trustee) shall notify this Company of any change of ownership or occupancy or increase of hazard, which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon, and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise, this policy shall be null and void.

"This Company reserves the right to cancel this policy at any time as provided by its terms, but, in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation, and shall then cease, and this Company shall have the right, on like notice, to cancel this agreement.

"Whenever this Company shall pay the mortgagee (or trustee) any sum for loss under this policy and shall claim that, as to the mortgagor or owners, no liability therefor existed, this Company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of his, her or their claim."

## II.

█ Since the complaint used the abbreviated Code form of complaint, it was not demurrable for the failure to make the United States a party plaintiff.

This question was, however, raised below by tendered written charges, one for a directed verdict for the defendant, the other being affirmative hypothesized on belief of the evidence. The refusal of these charges is the gravamen of assignments of error numbers 5 and 6.

█ Absent proof in due form that the Federal Government under appropriate statutory authority [1] relinquished any claim

---

1. 38 C.F.R., § 36.4520(c), reads: "Nothing in this section shall be construed to authorize any such employee to exercise

the authority vested in the Administrator under 38 U.S.C. 210(c) or 1815(b) or to sue or enter appearance for and on behalf

under the policy [2] for this partial [3] loss, the defendant was due a directed verdict. American Equitable Assurance Co. of New York v. Bailey, 25 Ala.App. 303, 147 So. 446.

Accordingly, the judgment below is due to be reversed and this cause is remanded there for new trial.

Reversed and remanded.

---

of the Administrator or confess judgment against him in any court without his prior authorization."
Ibid. § 36.4522 reads: "No waiver, consent, or approval required or authorized by the regulations concerning direct loans to veterans shall be valid unless in writing signed by Veterans' Administration."
2. We pretermit speculation as to how Clark got the policy sued on. 38 C.F.R., §

36.4512(b), provides: " * * * the policies * * * shall be held in the possession of Veterans' Administration * * * "

3. Since Firemen's Fund Ins. Co. v. Thomas, 275 Ala. 445, 155 So.2d 923, involved a *total* loss of *personalty* (an airplane) we pretermit that case's controlling this one.