# Atkins *v.* Tutwiler.

| 98 129|
|106 .196|

*Bill by Purchaser at Mortgage Sale Under Junior Mortgage, for Specific Performance, and to Redeem from Senior Mortgagee.*

1. *Mortgagee may give time though power in mortgage provides for cash sale.*—It is well settled in this State, that though the power in the mortgage expressly provides for a cash sale, time allowed the purchaser affords the mortgagor no ground of complaint. The only interest of the mortgagor is to get credit for the amount of the bid.

2. *The right of the mortgagee when time is given the purchaser.*—It is the right of the mortgagee, when time is given the purchaser on his bid, either to insist upon the cash payment of the bid, or make a consummation of the sale dependent upon a compliance by the purchaser with the terms of the credit agreed upon. Till then, he can hold the title, as mortgagee against the bidder.

3. *Same; obligation of purchaser.*—Where one purchased at mortgage sale under power providing for sale for cash, and his bid was not paid in cash, the burden is on him to show that the mortgagee agreed to accept future payment in lieu of cash, and that he has complied with the terms of payment, or show some legal excuse for his failure.

4. *Specific performance; upon what the right depends.*—The right of a purchaser to insist upon a specific enforcement of his right to have title made to him, is dependent upon his compliance with the terms of the sale.

5. *Rights of purchaser not fully paying purchase money; liable for rents and profits when in possession.*—The purchaser at a sale under power in the mortgage who fails to pay his whole bid, is entitled in equity to the benefit of the mortgage security to the extent of the payment made by him. His possession of the mortgaged premises is that of a mortgagee before foreclosure, and he is accountable for rents and profits.

APPEAL from Hale Chancery Court.

Heard before the Hon. WM. H. TAYLOE.

This bill was filed by P. A. Tutwiler, the appellee, against Florence R. Atkins, Mary B. Atkins and Victor B. Atkins, claiming a right to pay to them the balance of complainant's bid on land sold at mortgage sale at which he claims to have been the purchaser, and to have a deed executed to him; and also offering to redeem and pay off a prior mortgage to a Foreign Mortgage Company, transferred to and held by

[Atkins v. Tutwiler.]

said defendants, or some one of them. The chancellor decreed that the complainant was entitled to the relief prayed, from which decree defendants appeal.

PETTUS & PETTUS, and A. M. TUNSTALL, for appellant, insisted that the mortgage of Woodruff & North was never foreclosed; that Tutwiler having failed and refused to pay his bid was not entitled to a specific enforcement of his alleged purchase, and was a mere assignee *pro tanto* of said mortgage as security for the amount paid by him; citing: *Seabury v. Stewart*, 22 Ala. 207; *Lewis v. Wood*, 34 Am. Dec. 110; *Rogers v. Saunders*, 33 Am. Dec. 635; Story's Eq. Jur. § 1408; 3rd Wait's Ac. & Def. 802; *Taylor v. Ag. Asso.*, 68 Ala. 229; *Johnson v. Jones*, 85 Ala. 290; *Davidson v. Ernst*, 7 Ala. 817.

P. A. TUTWILER, for appellee, cited *Mewburn's Heirs v. Bass*, 82 Ala. 622; *Perkerson v. Snodgrass*, 85 Ala. 139; *Powers v. Andrews*, 84 Ala. 289.

WALKER, J.—In March, 1882, Florence R. Atkins, who then owned the land involved in this suit, mortgaged it to the Dundee Mortgage & Trust Investment Company, Limited. In April, 1886, she executed a second mortgage on the same land to Woodruff & North. On May 28, 1888, Woodruff & North offered the land for sale under the power of sale in the mortgage to them, and it was bid in by Tutwiler, the complainant in the original bill and the appellee in this court, for the sum of $1,504.00. On this bid he paid in cash $700.00. It does not appear who was in possession of the land at the time of this sale, or that Woodruff & North undertook to put Tutwiler in possession. He did, however, take possession of the land after the sale, and has been in possession, receiving the rents and profits, since that time. In July, 1889, part of the debt secured by the first mortgage to the Dundee Company being still unpaid, and the balance of the amount bid by Tutwiler at the sale under the power in the second mortgage to Woodruff & North not having been paid, the appellant, Mary B. Atkins, purchased the respective interests of the mortgagees in both those mortgages, and they were duly transferred to her. And on September 2, 1889, she acquired all the right, title and interest of Florence R. Atkins in the land covered by the mortgages by a deed of conveyance from her. The original bill in this case was filed September 11, 1889, by said Tutwiler, claiming as the purchaser at the sale under the power

[Atkins v. Tutwiler.]

in the mortgage to Woodruff & North, to redeem the lands from the prior mortgage to the Dundee Company, and for the specific enforcement of his rights under his bid upon the payment of the amount of the balance found to be due thereon.

The appellant contends that the appellee Tutwiler should be treated as a mortgagee in possession, and in that character should be charged with rents and profits; and that he is not entitled to the specific enforcement of the contract of purchase made by his bid at the sale under the power in the mortgage to Woodruff & North.

By the terms of that power the sale was to be for cash. It is well settled in this State that, though the power in the mortgage expressly provides for a cash sale, an agreement by the mortgagee to allow time to the purchaser affords the mortgagor no ground of complaint. "The payment of the purchase-money is a matter between the mortgagee and the purchaser. The mortgagor has no other interest, than that he obtain credit and benefit of the amount bid." *Mewburn v. Bass,* 82 Ala. 622; *Durden v. Whetstone,* 92 Ala. 480; *Cooper v. Hornsby,* 71 Ala. 62. But it is clear that it is the right of the mortgagee either to insist upon the payment in cash of the amount of the bid, or to make the consummation of the sale dependent upon a compliance by the purchaser with the terms of credit agreed upon. He is entitled, as against any bidder at the sale, to hold the title to the mortgaged property as mortgagee until a bid is made and paid in the manner prescribed by the power, or until he becomes bound by the terms of an agreement between him and the successful bidder to execute a conveyance under the power and to become accountable to the mortgagor for the amount of the bid. The mortgagee's interest is to realize on the security to the extent of the debt due to him. The successful bidder is not entitled to the property as purchaser until he complies with the conditions of the sale. When he claims as the purchaser at a sale under a power which provides for a sale for cash, if his bid was not paid in cash, the burden is upon him to show that the mortgagee consented to accept a provision for future payment in lieu of the cash, and that the provision for such future payment has been made, or that there is some legal excuse for the failure to make it in the manner agreed upon.

Tutwiler's version of the circumstances connected with his bid at the sale under the power is, that before the sale was made he agreed with the attorney for the mortgagees to bid at the sale the amount of their debt, and that he

[Atkins v. Tutwiler.]

would pay $700.00 in cash, and the balance of his bid in a short time. He says: "There was no agreement or memorandum of the time at which I was to pay the balance." What was the meaning of the agreement to pay the balance of the bid "in a short time?" We think that the circumstances indicate that it was the intention of the parties that the sale should be substantially a cash transaction, though the immediate payment of the whole of the purchase-money was waived. It is common in sales of real estate which are treated as cash transactions to allow the purchaser, after the terms are all agreed upon, several days or even as much as several weeks, to get together the money necessary to complete the purchase. If it is intended to extend credits for the whole or parts of the purchase-money for periods of as much as six months or a year, it is usual to make definite stipulations for such credits. When nothing is said about making a deed upon a payment of only a part of the purchase-money, and there is no agreement to postpone the time for the payment of any of it for any definite period, an allowance of "a short time" to the purchaser to pay the balance should, we think, be regarded as a mere temporary suspension of the consummation of the proposed sale, to afford the purchaser an opportunity to complete the payment of the purchase-money in cash, rather than as an agreement to treat the sale as completed upon the basis of a part payment in cash and a credit for the balance. Such an arrangement does not indicate an intention to extend a greater indulgence than would be required by one who does not happen to have on hand sufficient money to complete a trade, but has resources which may be promptly realized upon for this purpose. In the absence of unusual circumstances, it seems plain that such an indulgence would not warrant the purchaser in delaying the consummation of the sale six months or a year. When the sale is not to be consummated until all the purchase-money is paid, upon the failure of the proposed purchaser to comply with a demand to complete his payment within the time allowed him for this purpose, the seller has the right to treat the contract of purchase as abandoned. The successful bidder does not acquire the rights of a purchaser unless his bid is made good. *Seabury v. Stewart*, 22 Ala. 207; *Lewis v. Woods*, 4 How. (Miss.) 86; s. c. 34 Am. Dec. 110.

No attempt is made to excuse Tutwiler's failure to comply with the several demands made upon him for the payment of the balance, upon the ground that he was entitled, under the arrangement with the mortgagees, to further time

within which to make the payment.   The pendency of the
suit brought by Florence R. Atkins, on the day of the sale
under the power is set up as an excuse for the failure to pay
the balance.   The bill in that case merely sought relief
against certain items claimed by the mortgagees in the two
mortgages above mentioned which, the complainant con-
tended, did not properly form parts of the amounts really
due and unpaid upon the debts secured by those mortgages
respectively.   It was not denied in that bill that part of the
debt secured by the mortgage to Woodruff & North, was
due and unpaid; nor was it denied that Woodruff & North,
then had the right to sell the land under the power in the
mortgage to them.   Nothing was alleged against the regu-
larity of the sale made under that power.   The result of
that suit could not have affected Tutwiler's obligation to
pay the amount of his bid to Woodruff & North.   The pen-
dency of that suit, was, therefore, no excuse for his failure
to pay.   His failure to pay the balance "in a short time,"
though several demands were made upon him for such pay-
ment, left the mortgagees as free to treat the transaction as
a mere ineffectual attempt to sell, as they would have been
if the sale had been strictly for cash and the successful
bidder had failed to pay the whole amount of his bid.
Tutwiler is in no position to claim the benefit of the equit-
able remedy of specific performance when, instead of show-
ing himself to have been "ready, desirous, prompt and eager"
to carry out the contract, it appears that on several occa-
sions, when, confessedly, the payment of the balance on his
bid was due by the terms of the agreement on the subject,
he failed to comply with demands for its payment, and has,
without any legal excuse for the delay, waited for nearly
sixteen months, and until after the mortgagees had trans-
ferred to another all the interest remaining in them under
the mortgage, before offering to perform his part of the con-
tract.   The payment "in a short time" of the balance on
his bid was a condition upon which depended his right to
claim that the sale was consummated.   There was no agree-
ment that the rights of Woodruff & North, as mortgagees
should be extinguished until that condition was performed.
Without showing a performance of that condition, or any
excuse for its non-performance, Tutwiler would not be en-
titled to damages in an action at law on his contract of pur-
chase, much less to a decree for the specific performance of
that contract. . *Comer v. Bankhead*, 70 Ala. 493; *Lewis v.
Wood*, 34 Am. Dec. 110.   In the case of *Mewburn v. Bass*,
82 Ala. 622, the purchaser at the sale under the power had

a perfect equitable claim to the property, as he had paid the amount of his bid in full and had been in possession for many years as owner. The difference between that case and this one is manifest.

When, for any reason, a sale of mortgaged property under an attempted foreclosure, whether by suit or under a power of sale, is ineffectual to cut off the mortgagor's equity of redemption, the purchaser at such sale succeeds to the title and rights of the mortgagee in the property, and may enforce them as the mortgagee could have done, had no sale taken place. The receipt of the purchase-money by the mortgagee operates as an estoppel upon him to claim the benefit of the mortgage as against the purchaser. *Taylor v. Agricultural & M. Assn.* 68 Ala. 229; *Jordan v. Sayre,* 10 So. Rep. (Fla.) 823. Upon like considerations, the payment of a part of the amount bid at a sale under a power in a mortgage, if the sale fails of consummation in consequence of the non-payment of the balance on the bid, operates in equity as an assignment of the mortgage debt to the extent of the amount paid, and to that extent entitles the bidder at the abortive sale to the benefits of the mortgage security. If such bidder at a sale which was never consummated takes possession of the mortgaged premises, his possession is that of a mortgagee before foreclosure. He is, therefore, accountable for rents and profits.

The decree of the Chancery Court is reversed, and the cause will be remanded for further proceeding in conformity with this opinion.

Reversed and remanded.