164 So. 65

**UNITED STATES FIRE INS. CO. et al. v. HECHT.**

**7 Div. 339.**

Supreme Court of Alabama.

Oct. 17, 1935.

Rehearing Denied Nov. 29, 1935.

See, also, United States Fire Ins. Co. v. Smith, ante, p. 169, 164 So. 70.

Coleman, Spain, Stewart & Davies and Frank M. Young, all of Birmingham, and O. R. Hood, of Gadsden, for appellants.

Inzer, Davis & Martin, of Gadsden, for appellee.

GARDNER, Justice.

The suit is upon a fire insurance policy issued by defendant United States Fire Insurance Company to Thomas Smith, and included a reinsurance contract entered into by said company with defendant National Liberty Insurance Company of America. The plaintiff held a mortgage on the insured property, and the policy contained what is called a New York Standard or Union Standard, mortgagee clause, which is made exhibit to count 4, upon which for the plaintiff the cause was tried. This clause appears in the report of the case. It gives to this plaintiff, the mortgagee, a severable contract, and a primary right to sue for his interest in the proceeds of the policy. Girard Fire & Marine Ins. Co. v. Gunn, 221 Ala. 654, 130 So. 180; Amer. Eq. Assur. Co. v. Bailey, 25 Ala. App. 303, 147 So. 446; Amer. Eq. Assur. Co. v. Bailey, 226 Ala. 393, 147 So. 448.

There is express provision also that as to the interest of said mortgagee the insurance shall not be invalidated by the neglect of the mortgagor or owner of the property, but on failure of the owner to pay the premiums, the same is payable by the mortgagee on demand.

Defendant first insists there was error in sustaining demurrer to the plea in abatement filed upon the theory there had been no proof of loss. The question does not appear to have been previously passed upon by this court. Clearly the cases to which counsel for defendant refer (National Fire Ins. Co. v. Tennessee Land Co., 224 Ala. 113, 139 So. 227; Westchester Fire Ins. Co. v. Green, 223 Ala. 121, 126, 134 So. 881; Fire Ins. Companies v. Felrath, 77 Ala. 194, 54 Am. Rep. 58; Home Ins. Co. v. Murphy, 223 Ala. 566, 137 So. 393; National Surety Co. v. Julian, 227 Ala. 472, 150 So. 474), determine nothing as to the precise matter here presented. Some of the authorities noted by defendant deal only with a more general loss payable clause, readily distinguishable from the character of severable contract found in the New York Standard mortgagee clause here involved. Concededly, other authorities support defendant's contention, even as to such a clause. So. Home Bldg. & Loan Ass'n

v. Home Ins. Co., 94 Ga. 167, 21 S. E. 375, 27 L. R. A. 844, 47 Am. St. Rep. 147; Union Inst. for Savings v. Phoenix Ins. Co., 196 Mass. 230, 81 N. E. 994, 14 L. R. A. (N. S.) 459, 463, 13 Ann. Cas. 433.

But the weight of authority is to the contrary. 26 Corpus Juris 370; 7 Cooley's Brief on Ins. (2d Ed.) 5746-4.

The courts so holding note that, so far as the logic of the situation is concerned, the mortgagee is not likely to have any better information of the details of the loss than the insurance company (Germania Fire Ins. Co. v. Bally, 19 Ariz. 580, 173 P. 1052, 1 A. L. R. 488), and that as to the contract itself, there is no such requirement found either in the mortgage clause or in the policy, the only requirement in the latter having reference only to the insured, and that the failure of the insured to furnish such proof constitutes one of the neglects, from the invalidating effect of which the mortgagee is exempt. Reed v. Firemen's Ins. Co., 81 N. J. Law, 523, 80 A. 462, 35 L. R. A. (N. S.) 343.

We are persuaded the ruling of the trial court is supported by the current of authority and by sound reasoning as well. The demurrer to the pleas in abatement was properly sustained.

▉ The reinsurance agreement between the defendant companies appears in the report of the case, and its salient features need no repetition here. Suffice it to say, it does not constitute a mere indemnity agreement with which the policyholder is not concerned. It is what it purports on its face to be, a reinsurance of the several policies issued by the original insurer company at its Gadsden agency, and the policy of this plaintiff was one of those embraced in such agreement. It was expressly stated that the National Liberty Insurance Company "is bound by the terms and conditions of the several policies of the United States Fire Insurance Company, as herein mentioned, which are entirely reinsured." But further comment in this connection is unnecessary.

The case of Empire Life Ins. Co. v. Landman, 213 Ala. 248, 104 So. 425, 426, is sufficient authority to the effect that where the risk or loss of the original assurer is assumed by another, the original assured may sue upon such contract as having been made for his benefit.

But it is further insisted that count 4 as amended was subject to demurrer for du-plicity. We have previously observed that the reinsurance contract was not merely one of indemnity to the original insurer, but that it also reinsured these policyholders, and made likewise for their benefit. And that a suit on the policy may be maintained by the beneficiary against the reinsuring company. As said in Empire Life Ins. Co. v. Landman, supra: "The beneficiary may elect to accept the benefit therein promised and secured to him, and his assent or acceptance may be manifested by resorting to an appropriate remedy, at law or in equity, for the enforcement of such provision of the contract inuring to his benefit." And upon the principle recognized in People's Savings Bank v. Jordan, 200 Ala. 500, 76 So. 442, 444, plaintiff could also join the original insurer company in the same count.

Applying the reasoning of that authority to the instant case, the holding is in effect that by assumption of the obligation imposed by the plaintiff's policy of insurance, accepted by plaintiff, the reinsuring company became the primary obligor for the payment thereof, and the original insurer remains liable as a quasi surety. The opinion in the Jordan Case, supra, concludes the discussion of that question by adopting the following from 27 Cyc. 1351: "The action may be maintained against the mortgagor, or the purchaser, who has assumed the payment of the mortgage, or against both jointly." There can be no distinction in principle in that case and the one here considered, and upon that authority (as well as subsequent decisions to like effect, Copeland v. Beard, 217 Ala. 216, 115 So. 389; Continental Casualty Co. v. Brawner, 227 Ala. 98, 148 So. 809), may well rest the conclusion that the demurrer to said amended count was overruled without error.

▉ The argument in favor of the affirmative charge for defendant is based upon a foreclosure of the mortgage held by this plaintiff. It appears the plaintiff, through his counsel, did advertise the property for sale pursuant to the power of sale contained in the mortgage, and that on November 11, 1932, the Hecht Investment Company, a corporation, became the highest bidder therefor. The sale was for cash, but no part of the purchase money was ever paid, and it developed the house had been destroyed by fire on the day previous, of which fact all parties to the foreclosure proceedings were ignorant. No

deed or memorandum of sale was made, and no money paid, but the foreclosure sale was treated as abandoned. This the mortgagee had a right to do. "But it is clear that it is the right of the mortgagee either to insist upon the payment in cash of the amount of the bid, or to make the consummation of the sale dependent upon a compliance by the purchaser with the terms of credit agreed upon. He is entitled, as against any bidder at the sale, to hold the title to the mortgaged property as mortgagee until a bid is made and paid in the manner prescribed by the power, or until he becomes bound by the terms of an agreement between him and the successful bidder to execute a conveyance under the power and to become accountable to the mortgagor for the amount of the bid." Atkins v. Tutwiler, 98 Ala. 129, 11 So. 640. This authority but expressed the generally recognized rule. 41 Corpus Juris, 986.

The recent case of National Union Fire Ins. Co. v. Deas, 229 Ala. 477, 158 So. 323, presents the converse of that now considered, disclosing an acknowledged and recognized foreclosure by the mortgagee, with deed duly executed and a reconveyance by the purchaser to the mortgagee. See, also, Ætna Ins. Co. v. Baldwin County B. & L. Ass'n, ante, p. 102, 163 So. 604, where the distinguishing facts of that case from that here presented are noted.

Here, for good cause, the purchaser declined to pay, and the foreclosure was treated as abandoned. There was therefore no foreclosure of the mortgage, but a mere futile gesture, and the plaintiff here still held the title as mortgagee.

Assignments of error relating to the question of waiver or growing out of any matter of adjustment need no consideration.

We have discussed the controlling questions presented, and are persuaded a determination of these matters, favorably to plaintiff, determines the case for him, without any detailed consideration of other assignments of error, which could, in no event, affect the result. Our conclusion is that the affirmative charge was properly given for the plaintiff.

The judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.