WIGGINTON, Chief Judge
(dissenting).
I sincerely regret my inability to agree with the majority opinion of my esteemed colleagues.
The trial court found from the evidence, and I agree, that the contracts of reinsurance involved in this case were not procured at the insistence of appellant insureds as a condition of placing their insurance with the insolvent insurer. The reinsurance contracts between the insurer and the reinsurers were procured solely for the protection of the insurer, and to indemnify it against any loss it may subsequently sustain for the liability incurred by it under insurance policies issued to appellant insureds.
In McDonough Construction Corporation v. Pan American Surety Company[1] this court held that the insured policyholder had no right of action against the receiver of the insolvent insurer for the proceeds of a facultative reinsurance treaty with a reinsurer. It is my view that the rule in McDonough is applicable to the case sub judice.
The majority opinion holds that under the better reasoned decisions rendered by courts of other jurisdictions, an exception to the general rule pronounced in Mc-Donough should be applied in resolving the question presented in this appeal. It bases its conclusion upon the decisions rendered by the Supreme Court of Alabama in United States Fire Insurance Company v. Hecht,[2] and the decisions of the Supreme Court of Missouri in the cases of Homan v. Employers Reinsurance Corporation[3] and First National Bank of Kansas City v. Higgins.[4] In each of the three cases on which reliance is placed the reinsurance agreement involved was found by the court to be a contract of indemnity against liability in which the reinsurer agreed to indemnify both the insurer and its policyholders against any loss which they may sustain by virtue of the outstanding policies issued by the insurer. *795 Under this type of reinsurance agreement the reinsurer becomes liable directly to the insureds who purchased the policies, ,and the third party beneficiaries thereunder. This is the type of reinsurance contract which is employed when the reinsurer takes over all or a part of the business of the original insurer and assumes full liability for all losses sustained by the holders of outstanding policies issued by the insurer. In each of the cited cases the court was careful to point out the distinction between the type of reinsurance agreement involved in those cases and the type of agreement wherein the reinsurer agrees to indemnify the insurer against loss under policies issued by it, but in doing so creates no privity with nor incurs any liability to the policyholders or third party beneficiaries under those policies. The latter type of reinsurance agreement is in' my judgment the kind involved in the case sub ju-dice. There is no privity of contract between the appellant insureds and the rein-surers whose funds are now in the hands-of appellee receiver. These funds, are considered to be general assets applicable to the claims of creditors of the insolvent insurer on a pro rata basis.
The majority opinion concludes that the language of the reinsurance agreement which provides that “the reinsurers’ liability shall be subject to the same risks, valuations, endorsements, assignments, and conditions as the original insurance with loss, if any, to be settled and paid pro rata with the reinsured at the same time and place and upon the same terms and conditions,” subjects the reinsurers to liability in a direct action brought by the insureds, and entitled the insureds to the proceeds of the reinsurance agreement applicable to their policies. It is my interpretation of the foregoing language that its purpose, intent and legal effect are to fix the measure of the reinsureds’ liability to the insurer, and do not convert the reinsurance agreement into a contract of indemnity against liability for the claims of policyholders. This is the conclusion reached by the Supreme Court of Ohio in Stickel v. Excess Insurance Company of America,[5] with which conclusion I agree.
I would affirm the judgment appealed.

. McDonough Construction Corporation v. Pan American Surety Company (Fla.App.1966) 190 So.2d 617.

. United States Fire Insurance Company v. Hecht (1935), 231 Ala. 256, 164 So. 65.

. Homan v. Employers Reinsurance Corporation (1940), 345 Mo. 650, 136 S.W. 2d 289.

. First National Bank of Kansas City v. Higgins (Mo.1962), 357 S.W.2d 139.

. Stickel v. Excess Insurance Company of America (1939), 136 Ohio St. 49, 23 N.E. 2d 839.
See also Thompson, Reinsurance, Chap. 11, pp. 311-312.