291 So.2d 92 (1974)
Aquilino HORJALES, Appellant,
v.
Jan Gilbert LOEB et al., Appellees.
No. 73-405.
District Court of Appeal of Florida, Third District.
February 26, 1974.
Rehearing Denied March 26, 1974.
*93 Michael M. Tobin and Richard H.W. Maloy, Coral Gables, for appellant.
Carey, Dwyer, Austin, Cole & Selwood and Steven R. Berger, Horton & Perse and Arnold Ginsberg, Hawkesworth, Kay & Schmick, Fowler, White, Humkey, Burnett, Hurley & Banick, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PEARSON, Judge.
This is an appeal from a final summary judgment for the defendants. The single point presented: "Whether the lower court erred in rendering a summary judgment in favor of the defendants based upon a determination of an issue of fact, to wit: Whether the plaintiff and the defendant Martinez colluded".
The point presented has two aspects. First, did the facts before the court warrant a finding of collusion. Second, does the court have the right to dismiss a cause with prejudice when collusion appears between the plaintiff and a principal defendant. We answer both questions in the affirmative.
The court's finding that the plaintiff was guilty of collusion with the defendant Martinez was based upon the fact that the plaintiff admitted that he had given sworn testimony material to the issue of liability in another court proceeding, which testimony was exactly contrary to his sworn testimony in the instant cause. The present defendant was defendant in the prior case and the testimony as changed would make possible the collection upon an insurance liability policy. In the absence of explanation which was not offered, it would appear that the plaintiff was guilty of perjury in one of the cases. In view of the admissions of the plaintiff and the claimed basis for liability of the defendants, we hold that the record supports the court's finding.
Under these circumstances, the trial court had the right to dismiss the plaintiff's case. One who engages in a fraudulent scheme forfeits all right to the prosecution of a law suit. See Ashwood v. Patterson, Fla. 1951, 49 So.2d 848; Kansas City Operating Corporation v. Durwood, 278 F.2d 354 (8th Cir.1960). We think that the facts established collusion as a basis for the suit.
Affirmed.