DOWNEY, Chief Judge.
This appeal involves the question of whether the appellants forfeited their rights to sixty percent of the Estate of Marie T. Hardee, deceased, by their actions which purportedly attempted to frustrate or defeat the intention and purpose of the trust of which Marie was the income beneficiary.
William D. Hardee was the income beneficiary of two trusts, provided for under the Will of each of his parents. In order to make some provision for his first wife, Jeannette, William prevailed upon the trustee of the trust established by his father’s Will to exercise the trustee’s power to invade the corpus of the trust so that William could set up an irrevocable trust providing a lifetime income to Jeannette should she survive William. This trust, known as Trust # 907, also provided that, upon the death of the survivor of William and Jeannette, the corpus would be divided equally between William’s seven nieces and nephews.[1]
*416 Jeannette died and thereafter William, envisioning further matrimonial involvement, sought to amend the No. 907 Trust to eliminate Jeannette’s name so as to apply to any new wife who might enter the picture. That was not done, but instead on advice of counsel Trust No. 4670 was established. The corpus of this trust was funded by assignments from six of the seven beneficiaries of the No. 907 Trust to the 4670 Trust. The income from the 4670 Trust was payable to William and his new wife, Marie, for life.
William eventually became dissatisfied with the foregoing trust arrangements and instituted litigation in the Probate Court of Lucas County, Ohio. As a result of that litigation and ensuing negotiations between the interested parties William’s claims were settled resulting in:
1) A decree in the proceedings relating to the trust under the will of William’s father, affirming the validity of Trust No. 907 and of the assignments by the nieces and nephews of their interests to Trust No. 4670;
2) A decree in the proceedings relating to the trust under the will of William’s mother, authorizing the distribution of the corpus to him, the value of which was approximately $350,000;
3) An agreement (referred to by appellants as the Recapture Agreement), whereby William and Marie had the right to consume all of the $350,000 from the mother’s trust, but whatever remained upon the death of the survivor of William and Marie was to be returned to the nieces and nephews who were beneficiaries of the remainder of the trust in William’s mother’s will. That was to be accomplished by the survivor leaving 60% of his or her estate to the nieces and nephews.
The Recapture Agreement also provided, among other things, that a substantial and material consideration for making the agreement for the benefit of the nieces and nephews was an adjudication that the 907 Trust and the 4670 Trust and the assignments made by the nieces and nephews of the interests in the 907 Trust and the 4670 Trust were valid and would assure Marie of the payment of the net income “therein provided for her” without any action or attempt on the part of the nieces and nephews to defeat or frustrate that intention. It was further provided that in the event any of the nieces and nephews opposed the payment and distribution of said income to Marie or at any time made an attack on either the trust or the assignments, or accepted the benefits of such action then the benefits provided by the Recapture Agreement would cease and be null and void.
The corpus of the mother’s trust was distributed to William and Marie. As fate would have it, all of the Husted nieces and nephews predeceased William. It will be remembered (see footnote 1, supra) that the interest of the Husted nieces and nephews in the income and remainder of the 907 Trust was contingent upon their surviving William and Jeannette. Jeannette died in 1961. Upon advice of counsel, that the interests of the Husted nieces and nephews had failed, the trustees of the 907 Trust paid over to the 4670 Trust only 2/rths of the 907 Trust income. In due course, the trustees of the 907 Trust instituted an action in Ohio to determine the rights of the parties to the trust income. The Ohio court held that the interests of Adelaide M. Best and James D. Hardee were vested interests upon the death of William Hardee and that the interests of the Husted nieces and nephews were remainder interests contingent *417 upon their surviving both William and Jeannette Hardee. Jeannette had died in 1961 and the court found that all of the Husted nieces and nephews predeceased William.
When the trustee filed its complaint to determine how much income should be paid to Marie the Husted nieces and nephews were made parties, -but they never filed an answer in the litigation until after Marie had died.
Marie left a last will and testament in which in pertinent part she acknowledged the Recapture Agreement which she and William had executed at the time the 4670 Trust was created. Thus, in Item III of her Will Marie left 40% of her estate to her own niece and 60% of the estate to her husband’s nieces and nephews. However, Marie specifically provided that if any of said nieces and nephews had violated any of the terms of the Recapture Agreement, or received the benefits of such a breach, the bequest for such individual was revoked and can-celled. The Will also gave her personal representative the power to determine whether there had been any such breach. Armed with that authority, the appellee, as personal representative, brought a petition in the Broward County Circuit Court to determine the rights of the parties under the Will of Marie T. Hardee, deceased.
The trial judge made numerous findings of fact, most pertinent among which are:
“8. That the consideration for the agreement of June 18, 1964 failed when the trustee, for whatever reason, refused to pay MARIE T. HARDEE all of the income of ‘TRUST # 907’, less one-seventh thereof, through the medium of ‘Trust
# 4670’.
“9. The agreement of June 18, 1964 was breached by the nieces and nephews and/or their heirs, or some of them, by frustrating and/or defeating the intention of William D. Hardee and MARIE T. HARDEE which clearly was that Marie was to receive all of the income of ‘Trust
# 907’ less one-seventh thereof. That said persons attacked the validity of ‘Trust # 907 and ‘Trust # 4670’ and the assignments thereto and accepted the benefits of such attack.
“10. That by reason of the actions afore-stated the forfeiture of rights provision (Section 6) of the agreement of June 18, 1964 became effective and stands in the place and stead of that provision of the Will of MARIE T. HARDEE which bequeathed sixty percent of her estate to the nieces and nephews of William D. Hardee and/or their heirs.
“11. The Personal Representative, Phyllis Jean Draheim, has followed the provisions of the Will by declaring a forfeiture and applying to this Court for a determination pursuant to the power given to her in the Will of MARIE T. HARDEE, Deceased.”
The trial judge then held that the provisions of the Recapture Agreement were breached and the appellants had forfeited their right to 60% of Marie’s Estate and the estate should pass pursuant to other provisions of Marie’s Will.
We disagree with the learned trial judge and reverse the judgment appealed from.
As the trial court found, William Hardee created the 4670 Trust “in return for six of his seven nieces and nephews each assigning all of his or her right, title and interest in “Trust 907” to “Trust 4670.” In pertinent part the No. 4670 Trust provided that “If the trust continues during the lifetime of a wife of Donor, in accordance with the first sentence of Article III, Trustee shall during the lifetime of such wife pay to her or for her benefit all of the net income of the Trust Estate in convenient installments . .” The net income from 4670 Trust after the death of William Hardee did not include the income attributable to the four Husted nieces and nephews because, upon their demise prior to the death of William Hardee, the portions of the 907 Trust corpus intended for them passed instead to The Toledo Trust Company as can be seen from the clear wording of the quote from the text set forth in footnote 1 of this opinion.
As we see it, the trustee of the 907 Trust would have been derelict in his duty had he *418 continued to pay the income from the four Husted interests in Trust 907 to the 4670 Trust after William’s death. Filing suit in the Ohio Common Pleas Court for a determination of the rights of the parties to the income from the 907 Trust and naming the appellants as parties is not a breach of the Recapture Agreement. After William’s death his widow, Marie, simply had no right to receive the four-sevenths interest of the Husted nephews and nieces as the Husteds’ interest had lapsed.
Many other points and issues are suggested by appellants for consideration. However, in view of our determination on this main issue we are not called upon to treat each of those points.
Accordingly, the judgment appealed from is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
CROSS and ANSTEAD, JJ., concur.

. The No. 907 Trust provides:

"Section 2.2 Final Distribution

“Upon the death of the survivor of William D. Hardee and Jeannette B. Hardee this trust shall terminate, and Trustees shall then divide the
Trust Estate into seven (7) equal shares and shall distribute the Trust Estate as follows:
“One share thereof to Adelaide Morgan Beste, her heirs and assigns.
“One share thereof to Cynthia Morgan Co-nant, her heirs and assigns.
*416 “One share thereof to James D. Hardee, his heirs and assigns.
“One hundred seven one hundred thirty-fifths (107/i35ths) of one share thereof to Jean Hust-ed Holley if she is then living, and the remaining twenty-eight one hundred thirty-fifths (28/i35ths) of said share, or all of said share if the said Jean Husted Holley is not then living, to The Toledo Trust Company, Trustee, and its successors in trust, under agreement dated May 26, 1955, between Florence Hardee and The Toledo Trust Company known as Trust No. 3097.”
Language identical to the last portion follows as to the remainder interests of Mary Husted Lucas and Trust No. 3092, of Helen Husted Ward and Trust No. 3094, and of William H. Husted and Trust No. 3093.