In this case three notices of appeal have been filed. The first notice of appeal was filed by counsel for American Benefit Life Insurance Company, an Alabama Corporation, which owns all of the capital stock of Old National Insurance Company of Alabama, an Alabama Corporation in receivership. This notice of appeal was properly filed because American Benefit Life Insurance Company is a proper party to this action. The second notice of appeal was filed in the name of William J. Baxley, as Attorney General of the State of Alabama, by Edward Hardin, appointed Special Assistant Attorney General by the Attorney General. This notice was abortive because the Attorney General of the State of Alabama is not a proper party to this action, as we will discuss later. The third notice of appeal was filed by the Special Assistant Attorney General, purportedly on behalf of the State of Alabama ex rel. R. Frank Ussery, Superintendent of Insurance. This notice of appeal also was abortive because R. Frank Ussery was the court-appointed receiver of Old National Insurance Company of Alabama and had authorized neither Hardin nor the Attorney General to represent *Page 826 
him, but in fact, had counsel of his own choice. As a result, there is only one proper appeal in this case, that of American Benefit Life.
Appellees in this case are: (1) R. Frank Ussery, the receiver appointed by the Circuit Court of Jefferson County (Bessemer Division) for Old National of Alabama; (2) Herbert Crook, the ancillary receiver of Old National appointed by a Texas District Court, and (3) Hill Country Life Insurance Company, a Texas Corporation, which was allowed to intervene and whose proposed plan of reinsurance of policies of Old National of Alabama the trial court adopted.
The appeal is from a final decree of the Circuit Court of Jefferson County (Bessemer Division) rendered on 19 December 1977, which: (1) established the assets and liabilities of Old National of Alabama; (2) approved a proposed agreement of reinsurance between the receiver and Hill Country Life Insurance Company; (3) rejected a plan of reinsurance proposed by American Benefit Life Insurance Company, and (4) determined that Old National of Alabama was liable for a block of reserve liabilities formerly held by Old National Insurance Company of Texas. We affirm the decree of the trial court.
In 1970 Old National of Alabama had become insolvent and was placed in receivership by the Circuit Court of Jefferson County (Bessemer Division) and in ancillary receivership by a Texas District Court. The major part of the liabilities of Old National of Alabama consisted of reserve liabilities on policies of insurance. In a series of actions taken between 1970 and 1977, the receiver of Old National of Alabama reduced the liabilities of the company by forcing other insurance companies to take back policies of reinsurance fraudulently transferred to Old National of Alabama. The final phase of the receivership commenced on 18 August 1977 when the ancillary receiver filed a report with the circuit court seeking approval of a plan of reinsurance by Hill Country Life of the remaining policies of Old National of Alabama. At that point appellant, American Benefit, objected to Hill Country's plan.[1]
The circuit court set a hearing for the following purposes: (1) to determine all the timely filed but undetermined claims against Old National of Alabama; (2) to determine all the assets and liabilities of the company; and (3) to determine which of the proposed plans of reinsurance to approve. After hearing the evidence ore tenus, the court entered a decree containing the following findings: (1) both Empire Life Insurance Company's claim for $3,185 and the State Department of Revenue's claim for $4,400.25 were valid; (2) all other remaining claims, including American Benefit's claim for $2,935,000, were not proved and therefore denied; (3) the value of the assets of Old National of Alabama was $1,907,472; (4) the amount of liabilities of Old National of Alabama was $2,723,000 and such liabilities included a block of reserve liabilities valued at $1,400,000 which had been added to Old National of Alabama from Old National Insurance Company of Texas;[2] (5) Hill Country Life's plan of reinsurance would be the approved and accepted plan of reinsurance; and (6) the Attorney General of Alabama was not authorized to interfere with the administration of the receivership of Old National of Alabama and could not take a position contrary to that of the receiver while purporting to represent the receiver.
American Benefit and the Attorney General moved for a new trial. The Attorney General also moved that the trial judge, Gardner F. Goodwyn, Jr., recuse himself, that the final decree be altered or amended, and that he be allowed to intervene. All these motions were denied and both American *Page 827 
Benefit and the Attorney General filed notices of appeal as previously noted.
The receiver and the ancillary receiver filed motions in this court to dismiss the Attorney General's appeal on grounds that such appeal was untimely filed; the Attorney General was not a party to the action and therefore not entitled to appeal. American Benefit made a motion in this court to supplement the record or alternatively to extend its reply brief with alleged evidence from a Texas proceeding.
At the outset we consider the abortive attempt by American Benefit to place evidence before us not in the record below. The general rule is that an appellate court will not consider matters outside the record. Scroggins v. Alabama Gas Corp.,275 Ala. 650, 158 So.2d 90 (1963). American Benefit does not seek to correct the record as permitted by ARAP Rule 10 (f), but rather attempts to introduce new evidence not submitted at trial. That evidence being improperly submitted American Benefit's motion to supplement the record is hereby denied; the proffered evidence is stricken and will not be considered.
The issues for review on this appeal are: (1) whether the Attorney General can be legitimately involved in this case either as a party or as counsel for the Alabama receiver; (2) whether the National Bankers block of reinsurance is a proper liability of Old National of Alabama; and (3) whether the trial court erred by adopting the Hill Country plan of reinsurance and rejecting the proposed American Benefit plan.
 I
On 31 October 1977, the circuit court issued a pretrial order at which time the receiver and the Attorney General each thought they were seeking the same relief. As the litigation proceeded a dispute arose between the office of the Attorney General and the receiver concerning Old National of Alabama's liability regarding the National Bankers block. The receiver did not deny the liability of Old National of Alabama but only sought the trial court's determination of whether or not that liability existed. To the contrary, the Attorney General insisted Old National of Alabama was not liable for the National Bankers block. Shortly thereafter, the Attorney General appointed a Special Assistant Attorney General, who filed a motion alleging the Attorney General controlled the decisions of the receiver and the opinions of the receiver were entitled to no weight. Whereupon, the trial court amended the pretrial order to reflect the receiver's position and to preclude the Attorney General from taking a position contrary to the receiver in the receiver's name. That amendment also provided that, on appropriate petition, the trial court would allow the Attorney General to intervene as a party litigant and take any position he wished respecting the issues in the case. The Attorney General declined to petition to intervene.
The Attorney General and American Benefit contend the trial court was in error when it ruled the Attorney General could not control the decisions of the receiver. The Attorney General and American Benefit rely on Code 1975, § 27-32-3 (d) and §36-15-21 in support of their contention. Section 27-32-3 (d) provides in pertinent part:
 "* * * No person other than the commissioner and the attorney general representing him shall appear in the courts of this state requesting the appointment of a receiver or otherwise commence such delinquency proceedings to take over, liquidate, rehabilitate, reorganize or conserve an insurer, and no court shall entertain a petition for the commencement of such proceedings unless the same has been filed in the name of the state on the relation of the commissioner."
Section 36-15-21 states in pertinent part:
 "All litigation concerning the interest of the state, or any department thereof, shall be under the direction and control of the Attorney General * * *."
Neither of these Code sections supports the contention that the Attorney General may control the court-appointed receiver of an insolvent insurance company. *Page 828 
Code 1975, § 27-32-3 (d) deals with the situation where the Commissioner of Insurance is trying to force an insurance company into receivership or some other delinquency proceeding. In this case Old National of Alabama was already in receivership and the trial court had appointed the Commissioner of Insurance receiver as required by Code 1975, § 27-32-15 (a); therefore, § 27-32-3 (d) has no applicability to this case. Furthermore, § 27-32-15 (f) clearly authorizes the Commissioner to employ legal counsel to represent him in connection with delinquency proceedings as he deems necessary. The Commissioner clearly deemed it necessary to employ legal counsel, as authorized by § 27-32-15 (f), since the Attorney General was trying to usurp his role as receiver. It should be noted that Chapter 32 of Title 27 of the Code clearly demonstrates the legislature intended the Commissioner of Insurance to use his own judgment in handling delinquency proceedings and not the judgment of the Attorney General or anyone else. If this were not true, then the Attorney General instead of the Commissioner would be required by statute to be appointed receiver and to handle the liquidation, rehabilitation, etc., of insolvent insurance companies.[3]
The statutes do not direct the receiver to be represented by the Attorney General nor do they authorize the Attorney General to decide for the receiver those substantive questions put to him by the appointing court. A receiver is a representative or arm of the court. Sullivan Timber Co. v. Black, 159 Ala. 570,48 So. 870 (1909). A receiver acts on behalf of the court and is under its supervision, direction and control. As mentioned earlier, Code 1975, § 27-32-15 (f) clearly authorizes the Commissioner, acting as receiver in delinquency proceedings, to employ counsel when needed. The Attorney General cannot be the legal representative of the receiver unless requested to act as such by him. Neither can the Attorney General substitute his judgment for that of the receiver. In this case, if the Attorney General felt an interest of the State of Alabama was threatened, or was involved in the litigation, he should have intervened on behalf of the State when the judge amended the pretrial order and offered to let him intervene. When the Commissioner acts as receiver, his primary obligations are to the policyholders, the court, and the creditors of the insolvent insurance company.
Subsequent to entry of the final decree in this case, the Attorney General moved to intervene and was not permitted to do so. He did not petition this court for mandamus, the proper method of review for denial of a petition to intervene. City ofBirmingham v. Hallmark, 266 Ala. 582, 98 So.2d 15 (1957). Moreover, the petition for intervention came too late. See Exparte Jefferson Cablevision Corp., 281 Ala. 657, 207 So.2d 132
(1968). As previously noted, the trial court invited the Attorney General to intervene before trial and he chose not to do so. The trial court was not in error in denying the petition for intervention filed after entry of final decree. Rule 24, ARCP, only permits intervention "upon timely application," therefore denial of intervention was proper on that basis alone, regardless of standing. Also, for the other reasons assigned, the Attorney General is not, and was not, a party to this action and therefore has no standing to appeal. Accordingly, the motion of appellees to dismiss the appeal of the Attorney General is hereby granted.
 II
American Benefit contends the trial court erred in its finding of fact that *Page 829 
Old National of Alabama was liable for the National Bankers block of reinsurance. American Benefit does not question the validity of the reinsurance agreement. American Benefit, instead, tries to attack the adequacy of consideration given to Old National of Alabama for assuming the liability. The trial court was correct in applying the general contract principle to contracts of insurance: that inadequacy of consideration will not invalidate a contract unless the contract has been fraudulently induced. See Colburn v. Mid-State Homes, 289 Ala. 255, 266 So.2d 865 (1972). Further, in the absence of fraud or collusion, a reinsurance contract cannot be rescinded. 19 Couch, Insurance § 80.74, at 964 (2d Ed. 1968). In this case neither fraud nor collusion was either alleged or proved.
In Alabama a reinsurer, such as Old National of Alabama, is liable to the policyholders if the reinsurance contract specifically provides for such liability. United States FireInsurance Co. v. Smith, 231 Ala. 169, 164 So. 70 (1935); andUnited States Fire Insurance Co. v. Hecht, 231 Ala. 256,164 So. 65 (1935). In this case Old National of Alabama plainly agreed, in the reinsurance agreement, "to assume, carry out, and perform the obligations" of Old National of Texas as to the National Bankers block of reinsurance. Therefore, the trial court correctly held that Old National of Alabama was liable for the National Bankers block of reinsurance. The fact that Old National of Texas and National Bankers might also have retained some liability does not negate the liability assumed by Old National of Alabama. See Hecht, supra. The reinsurance agreement shows that Old National of Alabama assumed liability for the National Bankers block instead of merely agreeing to indemnify Old National of Texas. Thus, Old National of Alabama became the principal obligor. Hecht, supra.
American Benefit further argues that the position taken by the ancillary receiver in a Texas court should affect the resolution of this issue. But whether the National Bankers block is a proper liability of Old National of Alabama is not dependent on the positions of the parties in the court below or in a foregoing jurisdiction. The trial court heard the evidenceore tenus and its finding will not be disturbed when supported by credible evidence. In this case such evidence was abundant.
 III
The trial court adopted the plan proposed by Hill Country Life Insurance Company to reinsure the remaining policyholders of Old National of Alabama. American Benefit contends this decision was in error because it proposed a plan of reinsurance which was superior to the plan proposed by Hill Country. We cannot agree.
The trial court conducted a lengthy proceeding during which it carefully weighed the advantages and disadvantages of each plan. It decided the American Benefit plan would not be the best one to adopt. It set out in its final decree the following findings of fact which in its judgment militated against adopting the American Benefit reinsurance plan:
 "* * * (1) American Benefit owns all the stock of Old National of Alabama, owns all the stock of Old National of Alabama, and Louis Roussel owns ninety-nine per cent of stock of American Benefit. The record of this trial is replete with the hazards and evil consequences of interlocking directorates and stock ownership in common. Intercorporate transactions under such conditions are not at arms length, but are frequently one-sided. (2) The abnormal number and size of the labyrinthine business transactions that have occurred between American Benefit and Louis Roussel personally, members of his family, corporate affiliates and subsidiaries. (3) The unorthodox policy of American Benefit in investing its assets, when compared with normal insurance company standards. (4) The records of audit of American Benefit as made by the Department of Insurance of Alabama. (5) The personal threats made by Louis Roussel against the officials of *Page 830 
the Insurance Department of Alabama, and his personal action against the Receiver which appeared to be motivated by spite. (6) The facts and findings of a derogatory nature in various law suits involving Louis Roussel, personally and professionally. (7) The fact that American Benefit is not qualified to do business in Texas, and the possibility that it cannot so qualify; although there is evidence that it is attempting to do so. Of the 5,438 policyholders only 22 are non-residents of Texas. American Benefit could not be sued in Texas by these policyholders. Although American Benefit has on deposit in Texas a substantial sum of money for the benefit of policyholders of Alabama National Insurance Company, this money would not in all probability be available for policyholders of Old National of Alabama. (8) The possibility that a zone audit by the Texas insurance authorities would show American Benefit to be insolvent. * * *"
The trial court heard the case ore tenus and its findings are supported by credible evidence and are not clearly erroneous or manifestly unjust. This being the case, we cannot, and will not, reverse its judgment. No citation is needed for this well known rule of law.
Accordingly, the judgment of the circuit court must be, and is, hereby affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.
[1] American Benefit had acquired all of the capital stock in Old National of Alabama during the period the company was in receivership.
[2] Old National of Texas received this block of reserve liabilities via a reinsurance agreement with National Bankers Insurance Company. Both companies then became insolvent and went into receivership in Texas. This block of liabilities will hereafter be referred to as the National Bankers block.
[3] It should be mentioned that because the statutes require that the Commissioner of Insurance be appointed receiver for insolvent insurance companies, Old National of Alabama has had several different receivers during the course of this lengthy litigation. For example, when this case was tried R. Frank Ussery was the Commissioner of Insurance and receiver. When the case was appealed, and the motion to dismiss the appeal was filed by William J. Baxley, Charles H. Payne was Commissioner of Insurance and receiver of Old National of Alabama. At the present time, Albert J. Winfield is Commissioner of Insurance; However, we cannot determine from the record that Charles Payne has resigned and Winfield has been appointed.