## PALM COURT, INC. v DURHAM, et al.
### Case No. 86-3885-CL-F
Fifteenth Judicial Circuit, Palm Beach County

February 7, 1991

■■■■■

## OPINION OF THE COURT

DANIEL T. K. HURLEY, Circuit Judge.

### *FINAL ORDER DISMISSING PCI's & SAX's THIRD AMENDED COMPLAINT*

THIS CAUSE came before the Court upon the defendant Pannel Kerr Forster's (PKF) motion to dismiss the third amended complaint filed by Palm Court, Inc. (PCI) and Carl Sax. [The motion is docket entry #2634, volume #48. The third amended complaint is docket entry #2593, volume #47.]

On March 28, 1988, this Court entered a memorandum opinion following what has been referred to as the "first wave" proceeding, *i.e.*, the nonjury trial that resolved the claims of the purchasers/unit owners

against the sellers. *See Palm Court, Inc. v Durham,* 29 Fla. Supp.2d 14 (Fla. 15th Cir. Ct. 1988). The Court found that PCI and its principals committed fraud in marketing and selling interests in the Palm Court Hotel.

PCI's and Sax's third amended complaint alleges professional negligence by PKF (see count #160 on page 18 of the complaint) which, it is claimed, caused PCI and Sax to incur damages in excess of $13,000,-000. As it must when evaluating a motion to dismiss, the Court has taken the allegations in the complaint as true. *See Poulos v Vordermeier,* 327 So.2d 245 (Fla. 4th DCA 1976). Viewed in this light, the complaint reveals that PKF's alleged negligence occurred in the preparation and marketing of the interests in the Palm Court Hotel—the same transaction in which PCI and Sax committed fraud.

Although the count against PKF in the third amended complaint is pled in terms of professional negligence, the detailed allegations and claim for damages indicate that the count is, in reality, a claim for contribution, indemnity or equitable subrogation. PCI and Sax assert they have been damaged by PKF's negligence. This Court, however, found that PCI and Sax committed separate acts of fraud causing the damages now ascribed to PKF. Thus, PCI and Sax are attempting to shift some, or perhaps all, of the liability they incurred in the first wave proceeding. This the law will not allow.

"The law of contribution among tortfeasors is statutory, known to the common law, and 'is meant to apportion the responsibility to pay innocent injured third parties between or among those causing the injury.' " *Nesbitt v Auto-Owners Insurance Co.,* 380 So.2d 1209, 1211 (Fla. 5th DCA 1980) (quoting *Paoli v Shor,* 345 So.2d 789 (Fla. 4th DCA) *aff'd* 373 So.2d 825 (Fla. 1977)). The statute "sets the limits of its applicability. . ." *Ibid.* Section 768.31(2)(c), Florida Statutes (1989), specifies: "There is no right of contribution in favor of any tortfeasor who has intentionally (willfully or wantonly) caused or contributed to the injury. . ." This section "is meant to prevent an intentional tortfeasor from having others share the payment for injuries suffered as a result of his tortious conduct. This is true even if another tortfeasor participates in some way to cause the injury. . ." *Nesbitt v Auto-Owners Insurance Co., supra* at 1211. Fraud, of course, is an intentional tort. *Osborne v Delta Maintenance & Welding, Inc.,* 365 So.2d 415 (Fla. 2d DCA 1978). Thus, the Court's verdict in the first wave proceeding, embodied in the memorandum opinion and later-filed final judgment, under the doctrines of estoppel by judgment or collateral estoppel, *see generally Weigh Less For Life, Inc. v Barnett Bank,* 399 So.2d 88 (Fla. 1st DCA 1981); *Fuller v General Motors Corp.,* 394

197

So.2d 491 (Fla. 3d DCA 1981); *Nationwide Mutual Fire Insurance Co. v Race,* 508 So.2d 1276 (Fla. 3d DCA 1987), *aff'd* 542 SO.2d 347 (Fla. 1989), precludes PCI and Sax from seeking contribution from PKF.

For similar reasons, indemnity is not available. "Indemnity is a right which inures to one who discharges a duty owed by him but which, as between himself and another, should have been discharged by the other and is allowable only where the *whole* fault is in the one against whom indemnity is sought." *Houdaille Industries, Inc. v Edwards,* 374 So.2d 490, 492-493 (Fla. 1979). In the case at bar, PCI and Sax have been found guilty of fraud by acts and omissions which were separate and apart from the alleged negligence of PKF. Thus, PCI and Sax are not without fault and, therefore, cannot seek indemnification.

Also, equitable subrogation is unavailable. " 'Equitable' subrogation is a creature of equity which was developed to afford relief 'when one person has satisfied the obligations of another and equity compels that the person discharging the debt stand in the shoes of the person whose claim has been discharged, thereby succeeding to the rights and priorities of the original creditor.' " *Kala Investments, Inc. v Sklar,* 538 So.2d 909, 917 (Fla. 3d DCA), *review denied,* 551 SO.2d 461 (Fla. 1989), (quoting *Eastern National Bank v Glendale Federal Savings and Loan Association* 508 So.2d 1323, 1324 (Fla. 3d DCA 1987)). "The policy behind the doctrine is. . .[to assure] that the person who in equity and good conscience is responsible for the debt is ultimately answerable for its discharge. *Ibid.* A consideration of relevant equitable principles precludes recovery by PCI and Sax. For example, it has been said that "[o]ne who engages in a fraudulent scheme forfeits all right to the prosecution of a law suit." *Horjales v Loeb,* 291 So.2d 92, 93 (Fla. 3d DCA 1974). By the same token, "when the choice is between the two—fraud and negligence—negligence is less objectionable than fraud." *Besett v Basnett,* 389 SO.2d 995 (Fla. 1980). Consequently, viewed from the standpoint of equity, PCI and Sax cannot prevail against PKF. Accordingly, it is

ORDERED and ADJUDGED that PKF's motion to dismiss PCI's and Sax's third amended complaint is granted. The third amended filed by PCI and Sax against PKF is dismissed with prejudice.

DONE and SIGNED in Chambers at West Palm Beach, Florida, this 7th day of February, 1991.